## NATHANIEL WATTS *vs.* ELIJAH WELMAN.

Where *A.* conveyed to *B.* a tract of land in fee and in mortgage, and afterwards in consideration that *C.* agreed to pay and discharge the same mortgage, conveyed to *C.* a parcel of the same land, with a covenant that the parcel so conveyed was free of all incumbrances; it was held, that as between *A.* and *C.* the mortgage was not to be considered as an incumbrance within the meaning of the covenant.

THIS was an action of covenant broken. The plaintiff alleged in his declaration, that the defendant, by deed dated the 22d April, 1812, in consideration of $520, conveyed to the plaintiff fifty acres of land in Jaffrey, in this county, to hold to him and his heirs forever. And in and by the same deed covenanted with the plaintiff, that the said premises were free of all incumbrances, whereas in fact the same premises were not free of all incumbrances; but the said *Welman* before that time, on the 24th December, 1804, by his deed of that date, had conveyed the same premises to one *Samuel Jones,* in fee and in mortgage, to secure the payment of $350 to the said *Jones,* with interest annually, which

sum of $350 and interest remained due and unpaid on the said 22d April, 1812 ; to remove which incumbrance the plaintiff has been compelled to pay $520.

The defendant pleaded in bar, that before the making and delivery of the said deed of the 22d April, 1812, it was agreed by and between the said *Welman* on the one part, and the said *Watts* on the other part, that the said *Welman* should sell and convey to the said *Watts* the land in the deed aforesaid, of the 22d April, 1812, mentioned and described, being part and parcel of the land conveyed to *Samuel Jones* in fee and in mortgage, as alleged in the declaration ; and that the said *Watts*, in consideration of the same sale and conveyance, should, without delay, pay or cause to be paid all monies due on or secured by the said mortgage, and cause the same to be forever discharged ; and the said *Welman* thereafterwards, on the said 22d April, 1812, in pursuance of said agreement, made and delivered to said *Watts* the said deed of that date, and the said *Watts* then and there undertook and agreed to pay the money due on and secured by the said deed of mortgage.

To this plea there was a general demurrer and joinder in demurrer.

*J. Walker*, for the plaintiff.

*J. Parker*, for the defendant.

RICHARDSON, C. J.   The plaintiff alleges, that the defendant conveyed to him a tract of land, and covenanted with him that it was free of all incumbrances ; and he assigns as breach of the covenant, that the land was under a mortgage to one *S. Jones*. The defendant admits that he made the covenant, and that the land was under a mortgage to *Jones ;* but he says that the plaintiff ought not to maintain this action, because the land, which he the defendant conveyed to the plaintiff, was conveyed in consideration of an agreement on the part of the plaintiff to pay or cause to be paid the money due on the said mortgage. To this the plaintiff demurs, and the question is, whether *Jones'* mortgage is as between these parties, and under the circumstances of the case to be considered as an incumbrance upon the land,

Watts
*vs.*
Welman.

within the meaning of the defendant's covenant at the time of the conveyance? It seems to us very clear, that it is not to be so considered. The moment the land was conveyed by the defendant to the plaintiff, the debt due to *Jones* became the debt of the plaintiff, and ought as between him and the defendant to be considered as paid, and as no longer an incumbrance upon the land. The case is in principle the same as if the defendant had conveyed the same parcel to *Jones* with a similar covenant, in satisfaction of *Jones'* debt, and *Jones* had brought an action on the covenant, and set out his mortgage as a breach of it. In the case of *Fitch vs. Baldwin*,(1) the court say, " it never can be permitted to a " person to accept a deed with covenants of seisin, and then " turn round upon his grantor and allege that his covenant " is broken, for that at the time he accepted the deed, he " himself was seized of the premises." And we are of opinion, that the plaintiff in this case can never be permitted to assign as a breach of the defendant's covenant, a mortgage which he himself, for an adequate consideration, had undertaken to discharge.

(1) 17 John. 166.

*Judgment for the defendant.*