## Solomon Cavis *versus* John McClary.

A mortgagee of land, entered and gave notice to a tenant of the mortgagor, who was in possession under a parol agreement, that he should look to him for the rent from that time, to which the tenant made no objection. Afterwards the mortgagee brought a writ of entry against the tenant, and recovered the land. It was held that the tenant was liable to the mortgagee, in assumpsit for the rent, from the time of the said entry, up to the time when the writ of entry was sued out, and that it was no answer to the action, that there was an older mortgage, under which no entry had been made.

Assumpsit for use and occupation. The cause was tried, upon the general issue, at May term, 1831, and a verdict taken for the plaintiff, subject to the opinion of the court upon the following case.

Joseph Flanders, being seized of the premises, for the use and occupation of which, this action is brought, on the 29th April, 1825, by deed, conveyed the same to E. Webster, and J. Low, in fee and in mortgage; and on the 7th February, 1827, Webster and Low, by deed, conveyed to the plaintiff all their interest in the premises.

On the 14th February, 1827, the plaintiff entered upon the premises, and gave notice to the defendant, who was then in possession under a parol agreement with Flanders, that he entered for the purpose of foreclosing the right to redeem the land, and that he should hold the

defendant liable to him for the rent in future. To this the defendant replied, that it was immaterial with him, to whom he paid the rent.

This action was brought to recover the rent, which accrued after the said entry by the plaintiff.

It appeared by evidence, introduced by the defendant, that Joseph Flanders, on the 28th November, 1820, by deed, conveyed the said premises to Robert Craig and Enoch Melven, in fee and in mortgage. But the only evidence introduced to show this fact, was an office copy of the deed.

It also appeared, that in May, 1828, the plaintiff recovered judgment against the defendant in a writ of entry, and took possession of the said premises, under an execution, in August, 1828.

*Upham*, for the plaintiff.

*I. Bartlett* and *Bradley*, for the defendant.

The opinion of the court was delivered by

RICHARDSON, C. J. Assumpsit for use and occupation is a proper remedy for the recovery of rent, where the demise is not by deed. In cases where the demise is by deed, assumpsit does not lie. Woodfall, 348—351 ; 14 Mass. Rep. 93, *Codman* v. *Jenkins.*

A mortgagee is entitled to the rents of the land from the time he enters and gives notice to the tenant, that he shall look to him for the rent, and no attornment is necessary. Woodfall, 351 ; 1 D. & E. 378, *Birch* v. *Wright* ; Douglass, 279, *Moss* v. *Gallimore* ; 4 Starkie's Ev. 1516—1517 ; 16 East, 99, *Lumley* v. *Hodgson* ; 9 B. & C. 245, *Pope* v. *Biggs.*

The circumstance, that the land had been previously mortgaged by Flanders, can have no weight in the decision of this cause. It does not appear that Craig and Melven ever entered, or in any way claimed the rent. It is well settled that a mortgagee has no claim, in any manner, to the rents and profits of the land, until he enters. 5 Bing. 421, *Doe* v. *Giles* ; 8 Pick. 459, *Boston*

*Bank* v. *Reed* ; 15 Mass. Rep. 268, *F. C. M. Corporation* v. *Melven* ; 9 B. & C. 245, *Pope* v. *Biggs* ; 1 Pick. 87, *Wilder* v. *Houghton.*

Craig and Melven have no claim to the rents, then, which can be interposed to defeat a recovery in this case.

It is settled, that assumpsit will not lie for mesne profits. 1 Mass. Rep. 237, *Cogswell* v. *Brown* ; 1 D. & E. 378, *Birch* v. *Wright.*

But in this case assumpsit may be maintained for the rent, up to the time when the plaintiff, by bringing his writ of entry, elected to consider the defendant a disseizor. 1 D. & E. 378, *Birch* v. *Wright.*

We see no reason why assumpsit for use and occupation should not be maintained, for the time during which the defendant was in possession with the assent of the plaintiff, although there may have been since, a recovery in a writ of entry.

In general, trespass for mesne profits does not lie in favor of a mortgagee, after a recovery in a writ of entry. But where a mortgagee has actually entered into the land and taken possession, and then brought a writ of entry, we see no reason why he should not recover the mesne profits from the time of his entry.

*Judgment on the verdict.*