JOHN CAROW *against* SAMUEL HOFFMAN and others.

An auctioneer having, in the course of his business, received goods for sale at public auction, sold them and paid over the proceeds to the party from whom he received them. The property being afterwards proved to be stolen property, he was liable to pay the value a second time to the rightful owner.

TROVER. Plea, *non-culp.*

In the month of January, 1833, the plaintiff's store was broken open and robbed of property, in dry goods, to a large amount. Some months after the robbery, the plaintiff found a portion of his goods at the auction store of Mills & Co., in New York, who, upon the application of the plaintiff, produced the invoice which accompanied them when sent to their store for sale. On examining this invoice, the plaintiff discovered that it was in the hand-writing of one Pye, who, at the time of the robbery, was in plaintiff's employment, writing up his books. He immediately caused him to be arrested for the felony, and, upon such arrest, letters were found upon him, addressed to him by the defendants, a respectable auction-house in Baltimore, under the assumed name of Joseph Richardson. These

letters covered invoices of various goods sold by them, on his account, the proceeds of which were thereby remitted to him.

Upon a petition presented to the court, pending the proceedings, the defendants were ordered to produce a letter of advice, and all invoices sent on to them by the said Joseph Richardson. Under this order, the letter of advice, together with the original invoice, were produced by the defendants, and were proved to be in the hand-writing of Pye, and the goods, named in the invoice, were identified as part of the property of which the plaintiff had been robbed. The sales had all taken place, and the proceeds, $381 93, been paid over, by the auctioneer, before the arrest of Pye. Pye was convicted of the burglary, and sent to the state prison.

The true value of the goods, with interest, amounted to $610 46.

*Patterson*, for the defendants, contended that the defendants having acted *bona fide*, without any knowledge of the theft, and having, in like ignorance, paid over the money to Pye, before his arrest, could not be made liable in the present action; and that, at all events, to sustain it, evidence of a demand and refusal, which were not pretended in this case, were necessary. He also insisted that they could, in no form of action, be charged with more than the amount they had received.

*Anthon*, for plaintiff, insisted that the only question in the cause was one of fact; viz. the identity of the goods sold by the defendants, with those stolen, which was a

question for the jury. That, if the jury should establish such identity, it would then necessarily follow that the defendants acquired no title to them or right over them, from the delivery by the thief, and consequently the subsequent sale was an actual conversion, and thereby the defendants would be properly charged in this action. That the payment of the proceeds to the thief, who was not authorized to receive them, afforded no valid defence.

JONES, C. J. I shall leave it to the jury, on the question of identity, and shall also direct them, that the plaintiff, if they find such identity, is entitled to recover the full value of his goods. My present opinion is with the plaintiff on the main question of law in this case, on the grounds urged by the plaintiff's counsel. I will, however, reserve the point for the consideration of the court.

The jury found for the plaintiff, $610 46.

In November term, the point reserved was argued, by *Anthon*, for the plaintiff, and by *Lord* and *Patterson*, for defendants. Plaintiff cited *Isaac* v. *Clerk*, 1 Bulst. 312; *Harless* v. *Hoare*, 1 Wils. 8; *Horwood* v. *Smith*, 2 T. R. 750; Con. Action on the Case Trover, D.; *Farrington* v. *Payne*, 13 Johns. 431; *Stephens* v. *Spencer*, 4 M. & S. 260; *Williams* v. *Merle*, 11 Wend. 80. Defendants cited 5 Burr. 2826; *Smith* v. *Young*, 11 Johns. 285; 2 East, 755; 2 Saund. Plead. & Ev. 478; 2 H. B. 478.

The court, however, were unanimously of opinion for

the plaintiff, and considered the case of *Williams* v. *Merle*, (11 Wend. 80,) conclusive on the point reserved.(1)

Judgment for plaintiff.

*Anthon*, for plaintiff.

*Lord* and *Patterson*, for defendants.

(1) This case was afterwards affirmed in the court for the correction of errors. 22 Wend. 285.