## CHASE *vs.* WESTON.

Where a conveyance of land has been made by a deed, executed with covenants of warranty, and a note has been received in consideration of the conveyance, a partial failure of title will not constitute a defence to the note, but the remedy of the party must be by suit on the covenants of his deed.

Where land has been conveyed with covenants of warranty, and the land has passed by subsequent conveyances through the hands of various covenantees, the last covenantee, or assignee, in whose possession the land was when the covenant was broken, can alone sue for breach of covenant, and he has a right of action against any or all of the prior warrantors.

No intermediate covenantee can sue his covenanter until he himself has been compelled to pay damages on his own covenant ; and, until such damage has been paid by him, he cannot release such covenanter from his liability to the subsequent covenantees.

ASSUMPSIT, upon a promissory note, dated February 2, 1837, for $191·59, payable to Jesse Whitney, or order, in three months, and interest, and by him indorsed to the plaintiff. The writ was dated April 30, 1838.

At the trial, it appeared in evidence that on the 7th of

Chase *v.* Weston.

January, 1836, Whitney conveyed to the defendant a tract of land in Nashua, with the usual covenants of warranty. The defendant paid part of the consideration, and gave a note for the balance, and afterwards made a further payment, took up the first note, and gave this in lieu of it.

At the time of the conveyance, the land was incumbered by a mortgage, executed by Whitney to one Fisher.

On the 6th of January, 1837, the defendant conveyed the land to J. C. Dodge, by deed of mortgage, with the usual covenants.

In the spring of 1838 Whitney indorsed the note to the plaintiff, to whom he was indebted, as collateral security, and took from him a receipt to account for the proceeds. The plaintiff, at the time he received the note, knew the circumstances under which it was given, and that the land was incumbered by Fisher's mortgage.

On the first of December, 1838, Dodge entered into the premises by virtue of his mortgage, for the purpose of foreclosing ; and held the same for the term of one year, whereby his title became absolute ; and on the 7th of February, 1840, he paid Fisher $137·50, in discharge of his mortgage, and Fisher released to Dodge.

On the 8th of February the defendant filed with the clerk of the court a release, executed by himself, of all claim or demand which he might have against Whitney, by virtue of the covenants in his deed, to be delivered to Whitney in case the amount so paid by Dodge should be deducted from the note in suit, which deduction the defendant contended should be made ; but the plaintiff refused to allow the same.

A verdict was taken, by consent, for the plaintiff, for the amount of the note in suit, subject to the opinion of the court upon the foregoing case ; judgment to be rendered thereon, or the verdict amended, as the court should order.

*B. M. Farley*, for the defendant. As to the position, that the action is liable to the same defence it would be had it

Chase *v.* Weston.

been brought in the name of the original payee, cited *Bayley on Bills* 348 ; 4 *Mumford* 496, *Nowell* vs. *Hutchings ;* 4 *Bing.* 367, *Evans* vs. *Smith ;* 3 *Johns. Cas.* 29 ; 15 *Mass. R.* 535, *Bowman* vs. *Wood.*

He also contended that a partial failure of the consideration of a note may be given in evidence to reduce the damages, when the amount to be deducted is of definite computation. *Bayley on Bills* 343–4.

Here was a breach of warranty against incumbrances, and the amount of damages is ascertained ; and that amount should be deducted from the note, as it will thus prevent circuity of action. It would seem idle to permit the plaintiff in this case to recover the whole amount of the note, and then permit the defendant to recover of the original payee of the note the precise sum he asked to be deducted.

*Clark & Sawyer*, for the plaintiff.

UPHAM, J. In this case the note in the hands of the plaintiff is subject to any equitable defence to which it was liable in the hands of the original promisee. Though the note has been transferred to the plaintiff, he has a mere contingent interest in it ; holding it only as collateral security for the payment of certain debts due to him, while the legal interest remains in the original promisee. The defence, therefore, if it would avail against the promisee, would avail equally against the present plaintiff.

The suit then stands precisely as if brought by Whitney against Weston. In such case, could Weston set up, as a defence against this note, that there had been a failure in part of the consideration of the note, on the ground that the land conveyed was under incumbrance ?

On this point the current of authorities seems uniform, that a mere partial failure of a consideration of a note, arising from a breach of covenants of warranty in a conveyance of land, will not constitute a defence against such note. In 1

*Greenl.* 352, *Lloyd* vs. *Jewell*, which was an action upon a promissory note given for the purchase money of land conveyed by deed, with the usual covenants of warranty, the action being between the original parties to the note, it was holden not to be competent for the defendant to set up, by way of defence, either a partial or a total failure of title, or want of title in the grantor at the time of the conveyance.

By this case it would seem that even a total failure of title in a conveyance does not constitute a defence to a promissory note. The authorities, however, are not conclusive on this point. In 2 *Greenl.* 390, *Howard* vs. *Witham et a.*, it is said not to be a good defence to a promissory note given for land, that the plaintiff represented his title to be in fee simple, when in truth it was but an estate for life, or years ; nothing short, the court remark, of a total failure of title being in such case a defence to the action. It seems to be implied in this case that a total failure of title might constitute a defence to a note.

In 3 *Pick.* 452, *Knapp* vs. *Lee*, it is said to be undecided in Massachusetts whether a total failure of covenants of warranty of land would constitute a defence to a note ; but no doubt exists that a partial failure of title is not admissible there as a defence.

The same doctrine is laid down in *Kent's Com.* 472, and the various authorities on the subject are there collected.

On the ground of authority, therefore, this defence cannot, as a general rule, be sustained. It is contended, however, that where the damages under covenants of warranty have been adjudicated by suit, or where they necessarily consist of a claim admitting of definite computation, a different rule of law prevails. It is unnecessary, however, to determine this point, or whether this case comes within the exception contended for ; as it is apparent, from the facts disclosed, that this defendant cannot now set up such a ground of defence— his whole interest in the land, and claim under the covenants of warranty, having been assigned to a third person.

Chase *v.* Weston.

That covenants of warranty run with the land, and that the assignee is entitled to the benefit of all such covenants, is a doctrine which admits of no dispute. *Co. Litt.* 384, *b.* ; *Shep. Touch.* 198, *title Warranty ; Cro. Car.* 503, *Middlemore* vs. *Goodale ;* 4 *Cruise Dig.* 452. The only doubt which has ever been entertained in relation to this subject has been whether, when a covenantee conveys with warranty, his grantee, on failure of title, can sue the original warrantor, or whether he is confined in his remedy to the immediate covenants to himself. This question has been settled in cases which were thoroughly considered ; and it is now well established, both on principle and authority, that the right of action passes to the last covenantee, or assignee, and that he may prosecute any or all of the prior covenanters, until he has obtained satisfaction ; and that no intermediate covenantee can sue his covenanter, until he himself has been compelled to pay damages upon his own covenant. 5 *Cowper* 137, *Withy* vs. *Mumford ;* 10 *Wend.* 180, *Suydam* vs. *Jones ;* 1 *Conn. R. N. S.* 244, *Booth* vs. *Starr ;* 12 *Mass.* 304, *Wyman* vs. *Ballard ;* 1 *Fairf.* 91, *Griffin* vs. *Fairbrother ;* 1 *Aiken* 233, *Williams* vs. *Wetherbee ;* 1 *Dev. & Bat.* 94, *Markland* vs. *Crump.* See, also, 3 *Barn. & Ald.* 392, *Campbell* vs. *Lewis ;* 1 *Maule & Selwyn* 355, *Kingdon, Ex'r,* vs. *Nottle ;* 4 *Ditto* 53, *Kingdon, devisee,* vs. *Nottle ;* 5 *Taunt.* 418, *King* vs. *Jones.*

The same principle of law prevails in relation to assignees in a lease of lands. Where the lessor assigns, the assignee only can claim rent ; and where the lessee has assigned, the assignee becomes at once liable ; and this doctrine has been carried to such extent, that a mere assignment by mortgage of the interest of the lessee has been holden to render the assignee liable for rents, even without entry. 5 *N. H. Rep.* 529, *Cavis* vs. *McClary ;* 4 *Ditto* 251, *McMurphy* vs. *Minot ;* 1 *Brod. & Bing.* 72, *Williams* vs. *Bosanquet & a.*

Such being the law on this subject, the right to recover on the claim of warranty in this case had passed from Wes-

ton to Dodge, his covenantee, and the last assignee of the land. Weston's attempt, therefore, to discharge the covenant could avail nothing. It would constitute no satisfaction to Dodge, who was the rightful holder of the land and the covenants pertaining to it. As assignee of those covenants, satisfaction, if made, must be made to Dodge, and no one else. He alone held the land that was to be protected, and he alone could release the covenants that passed with it to sustain the title. Any assignment which might be made betwixt the original grantor and Weston, the intermediate covenantee, would be no bar to a suit by Dodge, in whom the title finally rested, against such grantor. If the grantor was holden to pay Weston, he would be liable to pay twice for the same thing. The grantor could not be liable to Weston on any covenant, for Weston held no covenant against him, but had assigned it.

The attempted defence, then, in this case, of a tender of a release of the covenant by Weston, wholly fails. It is a mere void paper, and furnishes no ground of defence against the note. What would have been the result had Weston adjusted the claim with Dodge, and tendered Dodge's release, or his own, under such circumstances, it is unnecessary to determine. In that case the ground taken in the argument of counsel would have been directly before us ; but as the facts are now submitted, the release is wholly insufficient, and the defence against the note cannot prevail. There must, therefore, be

*Judgment on the verdict.*