# CASES

# SUPREME JUDICIAL COURT,

# COUNTY OF PISCATAQUIS,

## ARGUED MAY TERM, 1848.

### HORACE BROWN *versus* PETER STAPLES.

The covenant of warranty in a deed of land, if not released or annulled, ordinarily runs with the land to the last purchaser, even by a deed of release.

Where land is conveyed by deed of warranty, and the same premises, at the same time, are reconveyed in mortgage, with like covenants, the covenants in the mortgage deed will not operate to preclude the maintenance of an action on the covenants of the absolute deed.

The grantee of land by deed with covenants of warranty, while he continues the owner of the land, may release or annul the covenants. But if the covenants be not discharged or annulled, and pass with the land by another conveyance, the first grantee cannot release or annul them, unless, he has been called upon and has paid damages to his grantee for a breach of his own covenants.

A covenant of warranty does not include an incumbrance which the grantee, by an instrument of as high a nature as the deed, has engaged to discharge; and the grantee cannot, therefore, nor can a second grantee with notice enforce such covenant as an estoppel, against a covenant of warranty, by himself, of the same premises to his grantor.

When the grantee in a deed with covenants of warranty, who has given to his grantor a bond covenanting to remove and discharge a mortgage thereon, has deceased, and his estate is insolvent, all claims existing between the estate and the obligee in the bond must be settled before the commissioners of insolvency; and the covenants of warranty in the deed will be thereby rendered inoperative.

SEE Rev. Stat. c. 115, sections 16 and 17.

THIS was a petition for a writ of review, of the action, *Peter Staples* v. *Horace Brown*. That was a writ of entry, declaring upon two mortgages, one by Elliot Staples to John Welles, July 7, 1825, and the other by Winthrop Allen to Peter Staples, June 26, 1841. The conditional judgment was rendered for the amount due on both mortgages, and the petitioner for the review contends, that the judgment should have been rendered only for the amount due on the latter mortgage. The review sought was for the purpose of correcting that supposed error.

The facts were to be ascertained, by a reference to certain writings. All the material facts are stated in the opinion of the Court. The case came before the Court upon a statement of facts agreed to by the parties.

The arguments were in writing.

*J. Appleton*, for the petitioner.

Peter Staples, as the holder of a mortgage given by Winthrop Allen to him, dated June 26th, 1841, and as the assignee of a mortgage given by Elliot Staples to John Welles, dated 7th July, 1825, brought an action upon both these mortgages. The clerk rendered conditional judgment for both these mortgages. The plaintiff in review claims that it should have been, rendered only for the amount due on the mortgage, Winthrop Allen to Peter Staples.

The state of the title to the premises was as follows : —

John Welles to Elliot Staples, 7th July, 1825, warranty. — Elliot Staples to John Welles, 7th July, 1825, mortgage, assigned to Peter Staples, 29th Aug. 1845. — Elliot Staples to Peter Staples, June 2, 1837, warranty. — Peter Staples to Winthrop Allen, 6th May, 1841, warranty. — Winthrop Allen to Peter Staples, 26th June, 1841, mortgage and warranty. — E. H. Allen, Administratrix of W. Allen, to N. H. Allen, June 12, 1843, quitclaim. — N. H. Allen to Horace Brown, July 19, 1844, quitclaim.

Now from this state of the title it is evident, that, Peter Staples having on 6th of May, 1841, conveyed these premises by deed of warranty, to Winthrop Allen, was bound to remove

all precedent incumbrances upon the title, and that if he paid or took up any incumbrances he cannot enforce them against the covenants of his deed. Brown, claiming under this deed, is entitled to its benefits, and to enforce those covenants by way of estoppel, or in any other way, against Staples. The law is too well settled on this point, to require even the citation of an authority.

The bond given by Allen does not change the rights of the parties. Brown was bound only to regard the record title. This bond was merely a personal contract. It was no security binding on the real estate.

Besides, Staples relied upon the bond, presented it before the commissioners on Allen's estate, and received or was entitled to receive, whatever dividend the estate paid ; and if that dividend was nothing, it is his misfortune, that he trusted to the contract of an insolvent person, but he must bear it. The bond is therefore discharged, and cannot affect Brown.

Knowledge of this bond on the part of Brown, does not affect his legal rights. If he knew its existence, he knew it had been presented before the commissioners of insolvency on the estate of Allen, and that Staples relied on the estate for payment, and not on the land. He further knew it was *no lien* on the land.

Nor can any erroneous view of the law on the part of Brown affect his legal rights, nor any admissions made in consequence of such erroneous views. The plaintiff, Brown, has a right to hold Staples to his covenants, and to enforce them against him, either by suits or estoppel.

This course of petition for review, was taken at the suggestion of the Court — and is believed to be the only effectual one.

The petitioner submits respectfully, whether the clerk did not err in rendering judgment for the amount on the mortgage, Elliot Staples to John Welles, which was assigned to him long after Brown's title accrued.

*S. H. Blake*, for Staples, the demandant in the original action.

Brown *v.* Staples.

In behalf of the ·original demandant his counsel submits, that " it is not reasonable and for the advancement of justice," for the Court to order a review in this case.

1. No fraud, surprise, new evidence, or other accident, ordinarily urged, when a new trial or a review is prayed for, can be set up here; no error, or mistake. The only apology that can be made for the Court, if they reverse their opinion, will be, that they have changed their minds, and that, without new light. For no new fact, or authority will be invoked.

The argument at July Term, 1847, was upon an agreed statement of facts; no question was made as to plaintiff's right to recover on the . Winthrop Allen mortgage; his right to do so was not restricted. The only question was, whether he was entitled to recover also on the Elliot Staples mortgage. This question was fully argued by Appleton & Morrison, for defendant, and by myself, for plaintiff, and Judge SHEPLEY pronounced the opinion of the Court in his usually clear and forcible manner, alluding to all the facts in the case. The counsel for defendant were both in Court, when the opinion was given, and now, for the first time, manifest that surprise, that eminent counsel often show, when unsuccessful in the attempt to maintain an erroneous position. ·Now under these circumstances shall the Court further interpose; after judgment rendered exactly in conformity to the opinion, and possession taken upon the writ of possession, that issued upon that judgment? I trust not.

2. The opinion of the Court was well founded. 1st, Because the deed of Peter Staples of 6th May, 1841, was a warranty. So was the mortgage deed of Winthrop Allen a warranty deed, 25th June, 1841. These two deeds both still subsist, the covenants of warranty in both of them are still alive and operative.

Winthrop Allen covenanted, 25th June, 1841, that premises were free of all incumbrances. Those claiming under him are estopped by this. covenant while it is in force and cannot allege, as against Peter Staples, the covenantee, that there were prior incumbrances.

The two covenants of warranty in the two deeds, under the circumstances of this case, operate to mutually offset and cancel each other; so that the estoppel does not apply against plaintiff as assignee of the first mortgage.

Further, Winthrop Allen gave plaintiff a bond to assume and take care of this, then, outstanding mortgage, so that Winthrop Allen in his lifetime could not have pleaded the warranty in plaintiff's deed to him, as an estoppel, to bar this claim now made by plaintiff as assignee of that mortgage. If Allen could not avail himself of the estoppel, neither could those, claiming under him, for they claim title by a naked release, stand in his shoes, with a knowledge prior to buying, of his title and bond back.

3. Under equity powers of Court over mortgages, c. 96, 395, the Court did right in enforcing both mortgages as against defendant, Brown; for, first, he bought knowing of both mortgages, and knowing, therefore, if he got title through one, he must necessarily cheat the holder of the other out of its amount, and 2d, contemplating no such wrong I will assume, for charity's sake, he intended to assume both and paying for both.

*J. Appleton* replied.

The opinion of the Court was drawn up by

SHEPLEY J. — The original action was commenced upon two conveyances in mortgage of the premises described. A conditional judgment was rendered for the amount due upon both the mortgages. By the agreed statement it appears, that John Welles, on July 7, 1825, conveyed the premises to Elliot Staples, who at the same time reconveyed the same to Welles in mortgage, to secure the payment of his notes given for the purchase money. On June 2, 1837, Elliot Staples conveyed the same to Peter Staples, who on May 6, 1841, conveyed the same by a deed containing a covenant of warranty to Winthrop Allen, who, on June 25, 1841, reconveyed the same in mortgage, with a covenant of warranty, to secure the sum of $360, and who also made a bond, by which he obliged him-

self to Staples to pay and take up the notes given by Elliot Staples to John Welles and secured by the first mortgage. These conveyances were all recorded in due season. Winthrop Allen died without having paid or discharged either the mortgage made to the demandant, or that made by Elliot Staples to Welles. His estate was insolvent. The demandant proved his claim arising out of the bond, but nothing was paid, upon it. The administratrix on the estate of Winthrop Allen, having obtained license, sold and conveyed in her official capacity, whatever interest her intestate had in the premises, on June 12, 1843, to Nathan H. Allen, who by a deed of release, made on July 7, 1843, conveyed all the right acquired by that conveyance to the tenant. When Nathan H. Allen purchased of the administratrix, he knew, that there were two existing mortgages upon the premises, and had been informed of the existence of the bond; and he states, that he has no doubt, that he informed the tenant of all the particulars connected with that transaction. Another witness states, that the tenant told him, that he knew of that bond when he bought.

The counsel for the tenant contends, that the covenant of warranty, made by the demandant to Winthrop Allen, ran with the land, and that the tenant by the subsequent conveyances made without such a covenant, acquired a title to the equity of redemption and to the benefit of that covenant; and that the demandant is thereby estopped to claim payment of the first mortgage, which had been assigned to him.

The covenant of warranty, if not released or otherwise annulled, does ordinarily run with the land to the last purchaser, even by a deed of release. *Clark* v. *Swift*, 3 Metc. 390; *Beddoe* v. *Wadsworth*, 21 Wend. 120; *Young* v. *Triplett*, 5 Litt. 248.

In answer to this position it is said, that the estoppel thus insisted upon is neutralized or avoided by the covenant of warranty contained in the mortgage deed from Winthrop Allen to the demandant. But the covenants in those two deeds are not considered to be thus mutually acted upon, each by the other, and their operation thereby destroyed. *Hardy* v. *Nel-*

*son,* 27 Maine R. 525 ; *Hubbard* v. *Norton,* 10 Conn. R. 422 ; *Haynes* v. *Stevens,* 11 N. H. R. 28.

It therefore becomes necessary to inquire, whether the facts existing at the time, and intervening between the conveyance made to Winthrop Allen and the conveyance of the equity to the tenant, were such as to prevent the tenant from acquiring any right to enforce against him the covenant made by the demandant. A purchaser of land may not always be entitled to the benefit of such a convenant made to his grantee, for such grantee while he continued to be the owner of land, may have released or annulled it. This he could rightfully do. *Middlemore* v. *Goodale,* Cro. Car. 503. But if the covenant be not discharged or annulled, and pass with the land to the grantee of the covenantee, it cannot be discharged by him, unless he has been called upon and has paid damages to his grantee for breach of his own covenants. *Thompson* v. *Shattuck,* 2 Metc. 615 ; *Chase* v. *Weston,* 12 N. H. Rep. 413.

The assignee of such a covenant, acquiring it with the land, will not be affected by any equities existing by parol between the covenantor and covenantee, even when their existence is known to him, before he becomes the purchaser of the land. *Eveleth* v. *Crouch,* 15 Mass. R. 307 ; *Suydam* v. *Jones,* 10 Wend. 181. Such a covenant can be discharged or annulled only ·by an instrument of as high a nature as the deed containing it. *Kaye* v. *Waghorne,* 1 Taunt. 428.

In this case Winthrop Allen could maintain no action upon the covenants of the deed made to him by the demandant for a breach occasioned by his being deprived of the land by virtue of the mortgage made by Elliot Staples to John Welles, for he had by an obligation of as high a nature obliged himself to discharge that mortgage ; and had thereby annulled the operation for such purpose of those covenants. It has been decided, that a covenant of warranty would not include an incumbrance which the grantee had engaged to discharge. *Watts* v. *Welman,* 2 N. H. Rep. 458. The tenant purchased the interest in the land after the covenant of warranty had been for such purpose annulled between the covenantor and

covenantee while the covenantee was the owner of the equity, and did so with a knowledge of the facts; he would not thereby acquire more extensive rights, than the covenantee had. A right to the benefit of that covenant would be secured to him only by the action of the law. And the law would not transfer to him the right to enforce a covenant, which no longer had a vital or operative existence against the covenantor. The tenant cannot, therefore, present that covenant of the demandant as an estoppel to prevent his recovery upon the mortgage assigned to him, because he could maintain no action upon it to recover back from the demandant the amount, which he had been compelled to pay to procure a discharge of it.

There are other facts presented in this case, which will prevent the tenant from deriving any beneficial interest in that covenant for such a purpose. The estate of Winthrop Allen, the covenantee, was settled as an insolvent estate, under the statute c. 109. In such cases all claims existing between the intestate and other persons arising out of or dependent upon obligations, covenants and contracts, which are mutually affected by or connected, each with the other, must be exhibited and finally settled before the commissioners of insolvency, at least so far, as it respects such mutual action of each upon the other. The covenant of warranty in the deed to the insolvent intestate, was affected by the bond made by the intestate to him. He was obliged to present and prove that bond, if he would obtain any benefit from it; and the covenant, whose vitality depended upon it, was necessarily to be considered and the rights to arise out of it adjusted and discharged by the discharge of the bond, so far as its force depended upon the bond.          *Petition dismissed with costs.*