Pendergast *v.* Young.

## PENDERGAST, Adm'r *v.* YOUNG.

The owner of land leased it for one year, and gave an assignee of the term in parcel of the land, notice to quit. The assignee refused, and held after the expiration of the term. The owner gave another lease of the whole land to another tenant, who was then in possession of part of the premises. *Held,* that the lessor cannot maintain assumpsit against the assignee for his occupation of part of the land after the expiration of the former, and during the subsequent lease.

ASSUMPSIT, for the use and occupation of land and buildings of the plaintiff's intestate.

It appeared, on trial, that the plaintiff's intestate had leased the property, consisting of a house, shop, and land, to one D. Pike, for a year, ending May 1, 1845. About the middle of April, 1845, the defendant bought of D. Pike the residue of his term in the shop, and entered into possession of it. On the 17th of April, 1845, the intestate leased the whole property to A. Pike for one year, to commence May 1; and on the defendant's application for a lease, the intestate refused, and told him he must leave when D. Pike's lease expired, and on the first of May gave him a written notice to quit. The defendant declined leaving, and continued in possession until the 9th of June follow-

ing, which was the day to which the rent was claimed in the declaration. At the time of the lease to A. Pike, he was in the occupancy of one part of the house and A. Pike of the rest; and they so continued till the 9th of June. It did not appear that the defendant ever denied the intestate's title or claimed any in himself.

The plaintiff's counsel requested the court to instruct the jury, that if the defendant was in possession as a mere trespasser to the intestate, the plaintiff might waive the tort, and recover for use and occupation, in this form of action.

The court did not give such instruction, but directed the jury, that if the defendant occupied as a trespasser against the consent of the intestate, the intestate never having recognized the defendant as his tenant, then the plaintiff could not recover in this action. The plaintiff excepted to the charge.

The jury found a verdict for the defendant, which the plaintiff moves to set aside.

*Small* and *J. S. Woodman,* for the plaintiff.

*Hale, Stickney,* and *Christie,* for the defendant.

PERLEY, J. To maintain an action of assumpsit for the use and occupation of land, the plaintiff must show a contract, express or implied. Here was no express contract, and none can be implied in law, unless the plaintiff's intestate, during the occupation of the defendant, had such title to the land as gave him the right to the possession. Without such right, he could not legally give the defendant permission to occupy.

The lease to A. Pike was for one year, from the first day of May, and the occupation of the defendant, for which this suit is brought, was from the same first day of May to the 9th of June following. If this lease to A. Pike was operative upon all the land demised, the intestate had parted with his right to the possession during the time for which this claim is made. As A. Pike was lawfully in possession of part of the premises at the time of the lease to him, his remaining in possession was equiva-

lent to an entry into that part. To complete the title of lessee for years and give him the legal possession of his term, the law required an entry into the demised premises, upon the ground that, until his entry, he could not be presumed to have assented to the lease, that might be burdened with rents or conditions to which he would not agree. Bacon's Ab. tit. Lease and Terms for Years, (m) ; *Miller* v. *Green*, 8 Bing. 92. But the lessee could not enter into part of the land, the contract and conveyance being entire, without binding himself by a general assent to the lease ; and such entry into part, provided the lessor had *title to the* whole, would give the lease operation upon the whole land. The lessee would be bound on his covenant to pay the whole rent, and would be entitled to the use and occupation of the whole land. The possession by a stranger, without title, of the part not entered on by the lessee, would not affect his liabilities or his rights. If the lessee is prevented from occupying, by a tenant whose lease has expired, he can maintain no action against his lessor on his covenant for quiet enjoyment, but must pursue his remedy against the tenant who holds over. *Gardner* v. *Kettletas*, 3 Hill, 330. If, therefore, the possession of the defendant is to be considered as wholly tortious, the wrong was done to A. Pike, who had the right of possession under his lease, and not to the intestate, who had parted with that right, and could not maintain trespass against the defendant. He could not waive a tort for the purpose of adopting another remedy, because no wrong had been done to him ; and there is nothing in the facts found by the case that called on the court to give the instructions moved for by the plaintiff.

On the other view of the case, if the defendant is to be regarded as tenant by sufferance, and owed a rent for his occupation, he owed it, not to the intestate, but to A. Pike, his lessee, by whose sufferance and permission he must be understood to have occupied. No attornment was necessary to entitle Pike to the rent. The principle of the Statute, 4 Anne, ch. 16, § 9, must be understood to have been adopted in this State. Indeed, the whole doctrine of attornments grew out of the peculiar policy of the feudal law, and never could have been consistent with the

spirit of our government and political institutions.  Butler on Co. Lit. 325 *a*, note 278 ; *Burden* v. *Thayer*, 3 Met. 76 ; *Cavis* v. *M' Clary*, 5 N. H. Rep. 529 ; *Standen* v. *Christmas*, 10 Ad. & Ellis, N. S., 135.

*Judgment on the Verdict.*