## WARREN *v.* COCHRAN.

In this State, an entry under a deed or grant is not necessary to enable the grantee to maintain trespass *quære clausum fregit.*

The title to real estate draws after it the right of possession, and will give a sufficient constructive possession, to enable the owner to maintain trespass against a mere wrong-doer.

An entry upon the land of a stranger to the process, under a writ of possession, will not oust him of his possession, or right of possession, but the entry, and every subsequent act done under it, will be a trespass.

TRESPASS *quære clausum fregit.*

Both parties claimed title to the *locus in quo* from John Walker; the plaintiff, by a deed of warranty, and the defendant, by a mortgage to Daniel Walker, deceased, of whose estate the defendant is administrator.

On the trial, it appeared in evidence that the defendant, as administrator of said estate, commenced a suit on said mortgage, for possession of the premises, against one Carr, then in the occupation of the same, and recovered judgment by default therein. Of all these proceedings, the plaintiff,

being out of the State, had no notice of any kind. Upon said judgment an execution for possession was issued, and the defendant was put in possession of the premises in due form by an officer, and continued in the possession thereof, which was the trespass complained of.

The defendant contended that an action in this form could not be sustained against him for such entry on the premises, under process of law, as above stated.

Thereupon a verdict was taken, by consent, for the plaintiff, subject to the opinion of this court on said question, judgment to be rendered for the plaintiff on said verdict, or the same to be set aside and judgment rendered for the defendant, as this court should order.

*Preston* and *D. Clark*, for the defendant.

The gist of the action of trespass is an injury to the plaintiff's possession. 2 Greenl. Ev. 504; 2 Stark. 802.

The plaintiff, in this case, had no possession. It was in the defendant. The law had given it to him. He held it under a process of the court.

Possession in the plaintiff is essential to the maintainance of this suit.

There could be no constructive possession of the plaintiff against the actual possession of the defendant, under a process of the court.

If the defendant here is a trespasser, it is difficult to see why the officer was not who served the precept, and the court who issued it.

It can make no difference, in this case, that the plaintiff had no notice of the defendant's proceedings, under the mortgage of his intestate. The court had jurisdiction of the cause, and put the defendant into possession of the land.

It would be a mockery of justice to punish the defendant in trespass, for exercising his legal rights under process of the court.

Admitting the plaintiff to have a better title to the estate, still the defendant has been guilty of no injury to the possession which is in the defendant by judgment of law.

In *Case* v. *Degors*, 3 Caines 261, it was held " that trespass does not lie against a third person for cutting timber on land in possession of one to whom it was awarded by a writ of restitution from a competent court, and under his license, though the land, be afterwards restored by a judgment." So in *Dabny* v. *Manning*, 3 Harr. 321, it was held that " where lands were sold in proceedings for partition, which proceedings were erroneous, and subsequently reversed the purchaser, who entered upon the land under the purchase, is not liable in trespass for acts done on the premises while the decree was in force.

*A. W. Sawyer* and *B. M. Farley*, for the plaintiff.

1.   In this action, decided in this court at the December term, 1853, (7 Foster's Rep. 339,) it was held that the judgment obtained in the suit on the mortgage, was void as to Warren.

2.   The said judgment, being void and inoperative as against this plaintiff, he is left to the same remedy as though no proceedings were had upon said mortgage.

3.   This being the case, the plaintiff was entitled to hold the possession and occupancy of the land in some way, and that judgment and entry under the process in no way affected the rights or the remedies of the plaintiff.

4.   If the defendant ;entered upon the premises without the permission of the plaintiff, it would be an act that the plaintiff might consider a trespass or disseizin, and might maintain trespass for the wrong, or a writ of entry to obtain possession.

5.   The plaintiff contends that under our law, where a writ of entry could be sustained, trespass *quare clausum fregit* could be sustained, depending entirely upon the elec-

tion of the plaintiff, for while the right of entry remains to the party, trespass can be maintained.

6. Disseizin is a continued trespass under a claim of title. Where one is rightfully in possession of land belonging to another, if he set up a claim to the estate or usurps a dominion over it inconsistent with the rights of the owner, the owner may elect to consider him a disseizor. *Towle* v. *Ayer*, 8 N. H. Rep. 59; *Campbell* v. *Proctor*, 8 Greenl. 12.

7. Every disseizin is a trespass. 8 N. H. Rep. 59.

8. The plaintiff contends that as against him the writ of possession gave the defendant no rightful possession. *Kretrin* v. *Mysong*, 5 Gratt. 9, cited in U. S. Dig. 1850, p. 408, § 22; Greenleaf's Cruise, title 29, ch. 1, § 9, b. 2.

9. If the defendant was in possession under a process of the court, it was a process operative against Carr, and those claiming under him, and not against this plaintiff.

10. It is not law that "possession in the plaintiff is essential to maintain trespass;" the right to the immediate possession is sufficient; for the keeping the plaintiff out of possession, may be the act of trespass complained of.

11. It is said that "if the defendant is a trespasser, the officer may be also." We deny this position. The officer, in obeying the precept, only removed Carr, against whom the precept was operative; but the defendant, by holding the possession against this plaintiff, was a trespasser, but the officer did nothing to prevent Warren from having the possession of the premises, and *might* not be a trespasser.

12. The plaintiff contends that had the officer found this plaintiff in actual possession of said premises, and had the officer undertaken, by virtue of said process, to turn Warren out of possession, the officer would have been a trespasser, whereas the process gave him only authority to turn Carr out, against whom the process ran, the judgment being against Carr alone.

13. The cases cited by the defendant (3 Caines 261, and 3 Ham. 321,) are not applicable to this case. The case in

Caines, if it has any bearing, supports the plaintiff's positions. They are cases of erroneous judgment, and until reversed, were operative; but the plaintiff, in this case, was in no way affected by the judgment in *Cochran* v. *Carr*, Warren not being made a party to the suit.

Woods, J.   Warren was the owner of the land, and he must, therefore, be regarded as in the rightful possession at the time of the entry by the defendant.   The title draws after it the right of possession, and, in fact, gives a sufficient constructive possession to enable the owner to maintain trespass.   An actual entry, under a deed or grant of land, is not necessary, in this State, to enable the grantee to maintain trespass *quare clausum fregit.*   *Concord* v. *McIntire,* 6 N. H. Rep. 527; *Chandler* v. *Walker,* 1 Foster's Rep. 282.   See also *Vanbrant* v. *Schaick,* 11 Johns. 285; *Wickham* v. *Freeman,* 12 Johns. 184; *Bush* v. *Brady,* 4 Day 306.   Also the remarks of *Duncan,* J., 3 Serg. & Rawle 513, 514.   And there can be no pretence that here was such a disseizin of the plaintiff as would, at common law, defeat his right of action, without a re-entry, for he is not shown to have been actually put out of possession.   The defendant might have been treated as a disseizor or trespasser, at the election of the plaintiff.   *Wendell* v. *Blanchard,* 2 N. H. Rep. 458; *Towle* v. *Ayer,* 8 N. H. Rep. 59.

The plaintiff was no party to the process and judgment of *Cochran* v. *Carr,* and, of course, his rights are not affected thereby, or by any entry under and in virtue of them.   2 Phil. Ev. 4; 1 Greenl. Ev. 562, § 522; *Dutchess of Kingston's Case,* 20 How. State Trials 578; *Lawrence* v. *Haynes,* 5 N. H. Rep. 33; *Thresher* v. *Haines,* 2 N. H. Rep. 443; *Burrill* v. *West,* 2 N. H. Rep. 192.

The defendant acquired, by his judgment, no right to enter upon the land, and no greater or other rights than he had without the judgment.   *Shepard* v. *Pratt,* 15 Pick. 32. His right to enter upon the premises as against the plaintiff,

was in no manner increased by reason of the judgment and writ of possession. They gave him a good right as against Carr, but not as against the plaintiff. Carr appears to be a mere wrong-doer. He is not shown to have any pretence of title or right of possession. As against the plaintiff he was a mere trespasser, and the entry of the plaintiff gave his possession no higher character.

The extent of an execution upon the land of a stranger will not oust him, but the extent and every act done under it, is a trespass. *Shepard* v. *Pratt*, 15 Pick. 32, before cited.

And we can discover no principle upon which the writ of possession, in this case, should confer any greater right upon the party in whose favor it was issued than would have resulted from the levy of an execution between the same parties.

*Judgment on the verdict.*