## Tanguay vs. Felthousen, imp.

FORECLOSURE OF MORTGAGE: PLEADING AND PRACTICE. *(1) Change of action; amendment of complaint. (2) Purchaser of mortgaged land; extent of his liability. (3) Case stated; such purchaser not liable to personal judgment. His right to redeem.*

1. An action to foreclose a mortgage may by consent be changed into one to recover a money judgment only; but in such case the pleadings should be amended. *Lawe v. Hyde,* 39 Wis., 345.
2. One who takes a conveyance of land from the mortgagor, after the execution and recording of a valid mortgage, though he takes it subject to the mortgage, is not personally liable for the mortgage debt, without an express covenant or agreement to pay it.
3. After a judgment of foreclosure against the mortgagors, and a sale thereon to the judgment plaintiff, he brought a new action of the same kind against F., a grantee of the mortgagors before *lis pendens* filed, who had not been made defendant to the former suit. F. answered that he took his deed subject to the mortgage, and that he was ready and willing to redeem, and offered to bring into court the amount of principal and interest due upon the mortgage when it should be ascertained; and he prayed for judgment that he have leave to redeem as the court should direct, and that thereupon the mortgage be adjudged satisfied and discharged. Plaintiff, on the trial, having "waived judgment of foreclosure, and accepted F.'s offer," a *personal judgment* was rendered against F. for the mortgage debt and costs, awarding execution therefor. *Held,* error, as there was nothing in the pleadings to show that F. was liable to such personal judgment, or had consented thereto.

APPEAL from the Circuit Court for *Wood* County.

The plaintiff, being the indorsee and holder of a promissory note given by one Powers to Margaret J. Worden, and the assignee of a mortgage on certain real estate, executed by Powers and wife to Mrs. Worden to secure the payment of such note, brought his action against Powers and his wife, and a subsequent incumbrancer, to foreclose such mortgage. Judgment of foreclosure was rendered in that action, and the mortgaged premises sold pursuant thereto. The plaintiff was the purchaser at the sale, and there has been no redemption.

A few days before such action was commenced, Powers and wife (the mortgagors) conveyed the mortgaged premises to *B. W. Felthousen*, one of the present defendants, by quitclaim deed, which was duly recorded in the proper office before notice of the pendency of the action was filed. By some oversight or inadvertence, the present defendants *(B. W. Felthousen* and wife) were not made parties to such foreclosure action.

This action was brought to foreclose the same mortgage as against these defendants, and the above facts are stated in the complaint. The usual judgment of foreclosure and sale is prayed. The defendants answered, admitting the material allegations of the complaint, except that the plaintiff is the owner of the note and mortgage, and that the foreclosure proceedings were as therein stated; and admitting also that the defendant *B. W. Felthousen* took the conveyance from Powers and wife subject to the mortgage executed by them to Mrs. Worden. The answer concludes as follows: " This defendant, *B. W. Felthousen*, is ready and willing to redeem said mortgage, and is ready and willing, and hereby offers, to bring into court, in such manner as the court shall direct, a sum sufficient to pay the principal and interest due upon said mortgage . . . as soon as the amount of said sum or sums shall have been ascertained. Wherefore these defendants pray the judgment and decree of this court that this defendant, *B. W. Felthousen*, have leave to redeem said mortgaged premises from the lien of said mortgage, in such manner as this court shall direct,

and that thereupon said mortgage be adjudged and decreed to be fully satisfied and discharged."

The attorneys for the defendants, by a stipulation in writing, waived service of notice of trial and subsequent proceedings. On the trial, plaintiff's attorneys "waived judgment of foreclosure, and accepted the offer of the defendant *B. W. Felthousen;*" and thereupon the court rendered a personal judgment against the latter for the sum due the plaintiff on the mortgage debt, with costs. Execution therefor is awarded in the judgment.

The complaint contains no averment that *B. W. Felthousen* is personally liable for the payment of such debt.

The defendant *B. W. Felthousen* appealed from the judgment.

For the appellant, a brief was filed by *Johnson & Rietbrock*, and the cause was argued orally by *Mr. Johnson*.

For the respondent, a brief was filed by *Hudd & Wigman*, and the cause was argued orally by *Mr. Hudd*.

LYON, J. The action is in equity to foreclose a mortgage; the judgment is purely a judgment at law for the recovery of a sum of money. The character of the action may be thus changed by consent; but if so changed, the pleadings should be amended to correspond with the altered purpose of the parties. *Lawe v. Hyde*, 39 Wis., 345.

This record fails to show that the appellant has ever consented that a personal judgment might be rendered against him; and hence the judgment cannot be sustained, unless the plaintiff may, without the consent of the appellant, transform the equitable into a legal action. Certainly he cannot do so unless the appellant has made himself liable to a personal judgment, by some act or admission on his part. Has he rendered himself thus liable? If he has, it is because of his admission in the answer that he purchased subject to the plaintiff's mortgage, or because of his offer therein to redeem the mortgaged premises.

The admission is nothing more than the statement of a con-

clusion of law. Taking his conveyance from the mortgagors long after the execution and recording of the mortgage, the appellant took it subject to the mortgage, as a matter of course. But that alone does not render him personally liable for the mortgage debt. An express covenant or agreement to pay it is essential to such liability, and there is no claim that the appellant has so covenanted or agreed. *Cleveland v. Southard*, 25 Wis., 479. See also *Bishop v. Douglass*, id., 696.

The offer to redeem does not amount to an agreement to pay the mortgage debt. It is not an offer or consent that a personal judgment may be taken against the appellant. In a bill by the grantee of an equity of redemption to redeem from a prior mortgage, it is usual, probably essential, to make such an offer; yet we are not aware that it was ever held that the party making it thereby became personally liable for the debt secured by such prior mortgage. The usual decree in such an action is, that the plaintiff pay the amount of the prior incumbrance by a day specified, and, on such payment being made, that the mortgage be discharged. In default of payment the bill is dismissed, and no execution, except for costs, goes against the party in default. 2 Barb. Ch. Pr., 645–6, and cases cited. See Forms, 3 id., 628–32 (Nos. 387 to 390, inclusive). The cases cited by the learned counsel for the plaintiff to support the opposite doctrine, are all cases of an express agreement by the grantor of the equity of redemption to pay the mortgage debt.

It was not necessary for the appellant to claim the right of redemption in his answer. Without such claim, the statute gives him that right. He may redeem at any time before sale, by paying the amount of the foreclosure judgment and interest to the plaintiff or the clerk of the court. Laws of 1877, ch. 143, sec. 6.

There is no bill of exceptions, but the findings show that the judgment was founded upon the offer in the answer and the waiver of a foreclosure judgment by the plaintiff. We think these findings are not sufficient to uphold the judgment.

We think also that, under the circumstances, the plaintiff is not bound by such waiver.

The judgment must be reversed, and the cause remanded with directions to the circuit court to render judgment as prayed in the complaint. The defendant may redeem under the statute.

RYAN, C. J.   I am satisfied that the judgment of the court below is properly reversed, for the reasons indicated in the opinion of the court. But I cannot assent to the direction given to the court below, to render judgment according to the prayer of the complaint.

Upon the reversal of a judgment against a defendant, I do not think that it has been the practice of this court to direct what judgment should be rendered for the plaintiff, except when the judgment is reversed for excess merely. And the danger of directing a judgment according to the prayer of the complaint, when there are questions not properly before the court or not discussed at the bar, is exemplified in the two appeals in *Wilcox v. Bates,* the first in 26 Wis., 465, and the second unreported.

In the present case, nothing was argued at the bar or is discussed in the opinion of the court, except the plaintiff's right to a personal judgment against the defendant. And yet the direction to the court below to enter judgment according to the complaint, covers not only costs, but a solicitor's fee for foreclosure provided for in the mortgage and presumably recovered on the former foreclosure. I think it very questionable whether, under the circumstances, the plaintiff is entitled to costs; and, if he has already actually recovered the solicitor's fee, he can hardly be entitled to it again. And it may be that the court below might consider itself authorized to give a personal judgment for deficiency, under the broad prayer for general relief.

But I have a graver objection to the direction for judgment according to the prayer of the complaint. It has been held by this court that, even where a defendant does not defend be-

low, judgment against him will be reversed here, if the complaint do not disclose a cause of action. *American, etc., Machine Co. v. Gurnee,* 44 Wis., 49. And it seems to me that there is a grave question whether the complaint in this case does disclose a cause of action.

It appears by the complaint that the plaintiff formerly foreclosed this mortgage in a suit against the mortgagor and a junior mortgagee; that the usual decree of foreclosure and sale was made, and the mortgaged premises purchased at the sale by the plaintiff. The complaint also avers that the year allowed for redemption has expired, with some presumption, perhaps, that the plaintiff has entered into possession under that title.

Whether, under such circumstances, the former foreclosure can be treated as a nullity, may well be a question of some difficulty.

Whether, if the former foreclosure be not held a nullity, the present suit can be maintained against the subsequent purchaser, may also involve a question of some difficulty.

I was not present when this case was considered by the court; but I am informed that the difficulties I have suggested were not considered. And I do not think that the court ought to be committed upon them without argument or consideration.

*By the Court.*— Judgment reversed, and cause remanded with directions to render judgment as prayed in the complaint.