HENRY B. WILLIAMS *vs.* CHARLES B. WILSON & others.

Suffolk. Nov. 21, 1877. — March 25, 1878. COLT & LORD, JJ., absent.

A. bought of B. an undivided half of an estate subject to a mortgage, and in payment therefor assumed one half of the mortgage, conveyed other land to B., and gave his note for a certain sum, secured by a mortgage on the purchased half, subject to the first mortgage. A. afterwards sold his interest to C., who, as part of the consideration, assumed the one half of the first and the whole of the second mortgage. B. then brought an action against A. on his note, and, while the action was pending, C., as owner of an undivided half, a grantee of B. as the owner of an undivided quarter, and B., who still owned the remaining quarter, conveyed for full value a portion of the estate, by metes and bounds, B., who held the second mortgage, and his wife, as assignee of the first mortgage, executing releases of the portion conveyed. The proceeds of the sale, after deducting taxes due and other charges, were paid on the first mortgage. While the sale was pending, B. informed A. of it, told him what portion they proposed to convey, and the price, to which A , who was a real-estate broker, and fully acquainted with the value of the whole parcel and of the portions to be sold, replied "that it was none of his business, that the land belonged to C., that he could not give a deed of it, but that he thought it was a very good sale, and had better be completed as soon as possible." *Held,* that A. could not maintain a bill in equity to stay the action at law against him on the note.

BILL IN EQUITY by Henry B. Williams against Charles B. Wilson, Paul D. Wallis and Samuel T. Crosby, for an injunction to restrain Wilson from further prosecuting an action at law brought by him against the plaintiff. Hearing upon the pleadings and proofs, before *Gray*, C. J., who made a decree dismissing the bill, and the plaintiff appealed to the full court. The facts of the case appear in the opinion.

*J. C. Ropes & J. C. Gray, Jr.*, for the plaintiff.

*H. C. Hutchins & A. S. Wheeler*, for the defendants.

ENDICOTT, J. The plaintiff bought of Wilson an undivided half of an estate, subject to a mortgage of $20,000, and, as part of the consideration, assumed the payment of half the mortgage note. He also conveyed to Wilson other land as part payment, and gave his note for $15,000, secured by mortgage on the half he had purchased, subject to the prior mortgage. He afterwards sold his interest to Crosby, receiving therefor a deed of other lands, and Crosby assumed the payment of one half of the first mortgage and the whole of the second, as part of the consideration. The plaintiff thus parted with his equity of redemption. Wilson afterward brought an action against the plaintiff on the note of $15,000.

While this suit was pending, Crosby, as owner of one undivided half, and Wallis, who had acquired a title to a quarter through a conveyance by Wilson, and Wilson, who still owned the remaining quarter, conveyed to Kent a portion of the land, by metes and bounds. Wilson, who held the second mortgage, and his wife, as assignee of the first mortgage, executed releases of this portion to Kent. The consideration paid by Kent is found to have been the full value of the land conveyed, and, after deducting taxes due and other charges, was paid on the first mortgage.

While this negotiation was pending, Wilson informed the plaintiff of it, told him what portion they proposed to convey, and the price. The plaintiff replied "that it was none of his business, that the land belonged to Crosby, that he could not give a deed of it, but that he thought it was a very good sale, and had better be completed as soon as possible." It also appears that the plaintiff was a real-estate broker at the time, and fully acquainted with the value of the whole parcel, and of the

portion to be sold. After this the sale was completed, as stated above.

The only ground relied on by the plaintiff at the hearing, in support of the bill, was that in equity the plaintiff was discharged from all liability on his note, by reason of the conveyance and releases to Kent. The chief justice was of opinion that the bill could not be maintained on the merits, and entered a decree dismissing it, and we see no reason for reversing the decree.

The portion sold to Kent was for a fair price, and the whole proceeds, except what was due for taxes and charges, were applied to the payment of the first mortgage, which was the paramount incumbrance. The plaintiff had notice of the proposed sale, and an opportunity to object to it, and to the price, but did not; on the contrary, he advised its immediate completion. Having been completed, he is not entitled on that ground to an injunction against the prosecution of the action previously brought by Wilson. Any defences he may have to that action will be open to him there, and cannot be considered here. We see no ground for assuming that Wilson sought the opinion of the plaintiff merely as a broker, acquainted with the value of the land; but it may properly be inferred from the fact of the notice, and what was said at the interview, that it had relation to the plaintiff's interest in the transaction by reason of his liability to pay the mortgage notes. Nor is it material that nothing was said, at the time, of the application of the proceeds of the sale, as they were not retained by the grantors, but applied to the payment of the first mortgage.

It is therefore unnecessary to consider the very ingenious argument of the plaintiff's counsel, touching the rights of a mortgagor (who has parted with his equity, but is still liable on his note) when a portion of the land has been sold without his know.edge or assent by its owners, and the proceeds afterwards applied to a prior incumbrance.  *Decree affirmed.*