THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES *v.* EMMA L. BOSTWICK et al., Appellants, JOHN DONOVAN, Respondent.

A personal obligation on the part of a grantee to pay a mortgage upon the premises conveyed may not be implied from a statement in his deed that the conveyance is subject to the mortgage, and that the amount thereof " forms part of the consideration, and is deducted therefrom."

(Argued October 21, 1885 ; decided November 24, 1885.)

The following is the opinion in this action :

" The action was brought to foreclose a mortgage exeouted to the plaintiff by one W. P., the then owner of the premises. Through several mesne conveyances the title vested in Emma L. Bostwick, who assumed payment of the mortgage as part of the consideration for which the deed to her was made. The debt was not paid, and the plaintiff had judgment of foreclosure, and for the payment by her of such deficiency as might remain after application of the proceeds of the sale. The propriety of the proceedings so far is not questioned, but one Donovan was made a party as having an interest in the premises subsequent to the mortgage, and Mrs. Bostwick and Josephus, her husband, by their answer to the complaint, set out a variety of circumstances as creating a liability on the part of Donovan to pay the deficiency, and asked that the plaintiff first exhaust its legal remedy against him. Donovan by answer put in issue these allegations, and the decision having been in his favor, Mrs. Bostwick and her husband appeal therefrom. We find no ground on which it can succeed. *First.* So far as it rests upon the assumption by the appellants' counsel that they have paid the deficiency judgment it must fail, for there is neither finding by the court, nor evidence, however slight,

that such is the fact. *Second.* Donovan was properly made a party to the action because he was in possession of the premises affected by the foreclosure, and if as to the appellants he had, by assuming payment of the mortgage debt, become principal debtor, it may be that the plaintiff would have been bound upon request to proceed against him in that capacity. (*Colgrove* v. *Tallman*, 67 N. Y. 95.) But the difficulty with the appellants' case, and a complete answer among others to this appeal is that there is no evidence that such relation existed. The agreement of April 1, 1878, was between Donovan and Mr. Bostwick; under it the latter was to give a title to the mortgaged premises, and the former was to pay therefor in part by assuming the mortgage. Bostwick has conveyed no title, nor had he any to convey. It was in Mrs. Bostwick, and she was not a party to the agreement. The learned counsel for the appellants contends that the deed of April 15, 1878, from Mrs. Bostwick and her husband, is not valid. It is, therefore, unnecessary to consider that question. If, however, it be valid, it contains no assumption of the mortgage debt or agreement to pay it, and such obligation cannot be implied from the statement that the conveyance is subject to the mortgage, and that the amount thereof forms 'part of the consideration, and is deducted therefrom.' (*Belmont* v. *Coman*, 22 N. Y. 438.) *Third.* Some other points are made by the appellants, that the deed should be reformed; ' that under any circumstances Donovan should pay so much interest as accrued before the appointment of the receiver.' I find no allusion to either matter in the case, and whether the appellants have rights which by any mode of proceeding may be enforced, cannot be answered upon the record now before us. Upon that the judgment is right and should be affirmed."

*J. Wray Cleveland* for appellants.

*B. F. Tracy* for respondent.

DANFORTH, J., reads for affirmance.
All concur.
Judgment affirmed.