JAMES E. MERRITT *vs.* ANNIE M. BYERS and Husband.

April 8, 1891.

**Deed—Covenants—Effect of Express Qualification.**—In a conveyance of land the covenant of freedom from incumbrance was qualified by excepting a specified mortgage, and the subsequent covenant of warranty was qualified by a different specific exception (the taxes for a certain year.) *Held,* that the express qualification of the latter covenant forbids the implication that it was intended to be further qualified by excepting also the mortgage, as in the former covenant.

**Same—Exception of Specified Mortgage—Purchase of Mortgage by Remote Covenantor.**—One who accepts a conveyance of land expressly subject to a specified valid mortgage, the consideration paid being measured by the fact that the land is thus held for the satisfaction of the debt charged upon it, thereby relinquishes the benefit of former covenants of warranty, as respects such incumbrance. A remote covenantor is not estopped by his covenants to purchase the mortgage, and to enforce it against the estate thus held.

Action brought in the district court for Sherburne county, to foreclose the $2,000 mortgage, bearing date October 27, 1884, which is considered in the opinion, the plaintiff also alleging a mistake in the deed of October 18, 1886, from plaintiff to Higbee and Clark, in failing to make all its covenants (as well as that against incumbrances) subject to an exception of such mortgage. The action was tried by *Hooker,* J., who ordered judgment for defendants. The plaintiff appeals from an order refusing a new trial.

*Chas. J. Bartleson,* for appellant.

*Keith, Evans, Thompson & Fairchild,* for respondents.

DICKINSON, J.[1] This is an action to foreclose a mortgage. This relief was denied, and the plaintiff appealed from an order refusing

[1] Mitchell and Collins, JJ., took no part in this case.

a new trial. The mortgage was executed by the plaintiff and his wife, he being the owner of the land, to one Whitcomb, in 1885, to secure the plaintiff's promissory note for $2,000. After that the title passed, through mesne conveyances, to the plaintiff's wife. In 1886, the plaintiff's wife then owning the premises, the same were conveyed by warranty deed, in which her husband, the plaintiff, joined, to Clark and Higbee. This deed contained the covenants of the grantors that the granted lands "are free from all incumbrances, except two certain mortgages,—one for the principal sum of six thousand dollars, ($6,000,) and one for the principal sum of two thousand dollars, ($2,000;) and that the said parties of the second part, their heirs and assigns, shall quietly enjoy and possess the same, and that the said parties of the first part will warrant and defend the title to the same against all lawful claims, except taxes for 1885." The following year—1887—the plaintiff paid $1,000 on the above-specified mortgage for $2,000. In June, 1889, the title theretofore conveyed to Clark and Higbee was transferred by deed, with a general covenant of warranty, to the defendant Annie M. Byers. By this deed the land was conveyed expressly "subject to * * * one mortgage for $2,000, on which $1,000 had been paid, .* * * with interest at seven per cent. on said $1,000 from October 27, 1888." The mortgage here referred to was the same mortgage before mentioned, and which is sought by this action to be foreclosed; the plaintiff having, in August, 1889, paid the amount then unpaid on the mortgage, and having procured it to be assigned to him.

On the point that the court erred in refusing to allow a reformation of the deed, we only deem it necessary to say that the evidence was conflicting, and the right to a reformation was not so clearly established as to justify an interference with the finding of the court. The evidence of the parol agreement, contrary to the legal effect of the covenants, admissible for the trial of the issue of a mistake in the deed, was limited to that issue.

We are now to decide whether the plaintiff was estopped by the covenants in his deed to Clark and Higbee from enforcing this mortgage against the land, and particularly whether the covenant of warranty, the generality of which is only expressly qualified by the ex-

ception of "taxes for 1885," is to be construed as being otherwise unrestricted, and hence to obligate the convenantors to defend the title even as against rights arising through the enforcement of this mortgage. If the covenant of warranty is qualified only by that specific exception, and is otherwise of general effect, the plaintiff would be thus estopped. It is thus general, subject only to the specified exception as to the taxes for 1885, *unless* the express excepting of the mortgages from the covenant of freedom from incumbrance is by implication to be construed as being also applicable to and qualifying the covenant of warranty. It is only by such an implied qualification of the covenant of warranty that the plaintiff can resist the conclusion that he is estopped. The mere fact that the mortgages were excepted from the covenant as to incumbrances had not the effect to subject the land in the hands of the grantees to the satisfaction of the mortgages. Such exception, considered alone, merely limited the operation of the covenant as to incumbrances by excluding the mortgages therefrom. *Calkins* v. *Copley*, 29 Minn. 471, (13 N. W. Rep. 904.) We do not decide whether, if the covenant of warranty were in general terms, without being expressly restricted by the one specified exception of taxes for 1885, it should be construed to have been the intention of the parties that the express qualification of the covenant as to incumbrances should also be applicable to and limit the subsequent covenant of warranty. *Bricker* v. *Bricker*, 11 Ohio St. 240, may be referred to as supporting the view that the latter covenant should be thus qualified by intendment. Opposed to this are *Estabrook* v. *Smith*, 6 Gray, 572; *King* v. *Kilbride*, 58 Conn. 109, (19 Atl. Rep. 519.) See, also, *Bennett* v. *Keehn*, 67 Wis. 154, (30 N. W. Rep. 112;) *Sumner* v. *Williams*, 8 Mass. 162, 202; *Duvall* v. *Craig*, 2 Wheat. 45; *Rowe* v. *Heath*, 23 Tex. 614; *Norman* v. *Foster*, 1 Mod. 101; *Howell* v. *Richards*, 11 East, 633; 3 Washb. Real Prop. 672. But, whatever may be the proper construction of the covenants in such a case, that now before us is controlled by the fact that the covenant of warranty is qualified by one express exception, no allusion being there made to the mortgages. These covenants were formally made and accepted for the purpose of expressing the obligations and rights of the parties.

Their attention being directed to the necessity of stating the conditions or qualifications which were to restrict the general language and effect of this important covenant, they made one specific exception. This forbids that another exception be added to that by mere uncertain implication. From the fact that the covenantor was unwilling to covenant that the land was not at the time of the conveyance incumbered by these mortgages, the inference does not necessarily follow that he did not intend to warrant and defend the title, even as against such mortgages.

But while we deem the plaintiff's covenant of warranty to have been originally effectual to estop him from enforcing this mortgage against the land by a foreclosure sale of it, this conclusion is modified, in its application to this case, by the fact that the premises were conveyed to this defendant in terms *subject* to the mortgage, to the extent of $1,000, with interest as specified in the deed. While a covenant of warranty ordinarily runs with the land, passing incidentally with the estate to successive holders, it may be extinguished. The owner of the estate to which such a covenant is incident may release and discharge it, and thereby terminate all rights under it either in favor of himself or of any subsequent grantee of the land. *Middlemore* v. *Goodale*, Cro. Car. 503; *Brown* v. *Staples*, 28 Me. 497; Rawle, Cov. § 221; 3 Washb. Real Prop. 664. And see *Field* v. *Snell*, 4 Cush. 504. Of course one cannot, after he has ceased to own the estate, release a right which, with the estate, had become vested in another. But if the owner of the land may release former covenants while he is still the owner, it must be true that this may be done at the very moment when the estate is conveyed to another, if both the grantor and grantee concur in it. It was competent for the defendant's immediate grantor to convey this land to her, and for her to take the same subject to the actually existing mortgage. While by accepting such a conveyance she did not assume a personal obligation to pay the mortgage debt, yet she took the estate effectually charged in her hands with the payment of it, and, at least as between herself and her grantor, the land was held as the primary fund for such payment. Presumably the amount of the specified incumbrance

was deducted from the estimated value of the land, and only the remainder was paid as the consideration for the deed. *Baker* v. *N. W. Guaranty Loan Co.,* 36 Minn. 185, (30 N. W. Rep. 464.) For a grantee to thus take and hold an estate, subject, by the very terms of his conveyance, to an actually existing and valid incumbrance, is inconsistent with the theory that by virtue of the same conveyance he becomes entitled, whenever the land shall be legally appropriated to the satisfaction of that incumbrance, to recover on the covenants of former grantors. In such a case the general legal implication that covenants of warranty pass with the estate for the protection of the purchaser is qualified by the express conditions under which the estate is conveyed and held. The grantee cannot accept the conveyance and repudiate the conditions expressed in it. *Gibson* v. *Lyon,* 115 U. S. 439, 447, (6 Sup. Ct. Rep. 129.) He cannot purchase and hold under a deed expressly subjecting the premises to the payment of a specified mortgage, and at the same time, and merely because the estate is thus conveyed to him, claim indemnity from former covenantors by reason of the land being so charged. We think it may be safely said that, if a conveyance is made under conditions and in terms which contemplate the satisfaction of existing and valid incumbrances, either by the grantee personally or out of the estate conveyed, such a deed is effectual to limit or extinguish, to that extent, the operation of former covenants as obligations running with the land. See *Conner* v. *Howe,* 35 Minn. 518, (29 N. W. Rep. 314;) *Brown* v. *Staples, supra.* In principle it can make no difference, as respects this matter, whether the grantee assumes a personal obligation to pay off the incumbrance, or merely takes and holds the land charged by the terms of his conveyance with the payment. In the one case *he* is personally and legally bound to pay the debt with which the estate is burdened, and he cannot resort to former covenants as protecting him from the consequences of his own default. In the other he acquires the estate with the condition that *it* shall be legally charged for the payment of the debt. One who by his own consent acquires and holds an estate expressly so charged cannot consistently claim that there passed to him without

qualification and for his benefit, as an incident of the estate so conveyed, the obligations of former covenantors to the effect that the estate should *not* be so charged.

If it be said that this provision in the conveyance was not intended for the benefit of the plaintiff, a remote grantor, it may be answered that, even though that be so, it necessarily inures to his benefit, as effectually as if the defendant had personally assumed the payment of the debt. If the plaintiff had not bought up this mortgage, but it had been enforced against the land by the mortgagee who held it when the land was conveyed to the defendant, she could not, by reason of this incumbrance, have recovered upon the plaintiff's covenant of warranty, because she took and held the estate under conditions inconsistent with such a right of recovery. She effectually relinquished the benefit of the covenant when the conveyance was made to her, (we mean, of course, to the extent to which by the deed the land was expressly charged.) If in such a case the plaintiff would not be liable on his covenant, he is not by his covenant estopped from buying up the mortgage, and himself enforcing it against the land.

In this view of the rights of the parties, the case did not justify the order for judgment in favor of the defendants. But the findings of the court do not embrace a determination of the facts necessary to support a final judgment in favor of the plaintiff. The order refusing a new trial is modified, and the cause remanded, with directions to the district court to proceed to a hearing and determination as to the amount still unpaid of the $1,000 (part of the $2,000 mortgage debt) specified as unpaid in the deed to the defendant Annie M. Byers, computing interest from October 27, 1888, and for such amount the ordinary relief in foreclosure actions will be allowed.