RAYMOND BROS. & CO. v. T. H. MILLER ET AL.

[FILED MAY 18, 1892.]

Instructions. *Held*, That an instruction, set out in the opinion, should have been given, and that the court erred in its instructions.

ERROR to the district court for Saline county. Tried below before MORRIS, J.

*Cornish & Tibbets*, and *G. M. Lambertson*, for plaintiff in error, cited: Jones, Chat. Mtgs., secs. 492, 496, 801, 803; *Pecker v. Silsby*, 123 Mass., 108; *Dwight v. Lumber Co.*, 36 N. W. Rep. [Mich.], 752; *Clapp v. Campbell*, 124 Mass., 50; *Landon v. Emmons*, 97 Id., 37; *Ruggs v. Barnes*, 2 Cush. [Mass.], 591; *Earl v. Burch*, 21 Neb., 709; *Harris v. Lynn*, 25 Kan., 281; *Campbell v. Wheeler*, 69 Ia., 588; *Wylder v. Crane*, 53 Ill., 490.

*F. I. Foss*, and *George H. Hastings*, contra, cited: *Lininger v. Herron*, 18 Neb., 450; Id., 23 Id., 197; Jones, Chat. Mtgs., sec. 435; *Charter v. Stevens*, 3 Denio [N. Y.], 35; *Morris Canal & Banking Co. v. Fisher*, 1 Stockt. [N. J.], 667; *Same v. Lewis*, 1 Beas. [N. J.], 323; *Freeman v. Freeman*, 17 N. J. Eq., 47; *Bird v. Davis*, 14 Id., 468; *Forbes v. Parker*, 16 Pick. [Mass.], 462; *Welch v. Whittemore*, 25 Me., 86; *Googins v. Gilmore*, 74 Am. Dec. [Me.], 472; *McConnell v. Leighton*, 74 Me., 415, and cases; *Pratt v. Stiles*, 17 How. Pr. [N. Y.], 221; *Haskins v. Kelly*, 4 Abb. Pr. N. S. [N. Y.], 73; *Stoddard v. Dennison*, 7 Id., 315; *Coe v. Cassidy*, 72 N. Y., 138; *Atkins v. Hosley*, 3 T. & C. [N. Y.], 326.

MAXWELL, CH. J.

The defendants in error are second mortgagees of a stock of general merchandise in the city of Crete and brought an action against the plaintiffs in error, who were the first mortgagees of said property, to recover the sum of $2,609.43, and on the trial of the cause the jury returned a verdict in favor of the defendants in error for the sum of $815.48, upon which judgment was rendered.

The chattel mortgage under which the plaintiffs in error claim title is as follows:

40

"Know all men by these presents, that Pronger & Clarey, of the county of Saline and state of Nebraska, in consideration of the sum of twenty-nine hundred and forty-seven dollars to me in hand paid by Raymond Bros. & Co., of Lincoln, Nebraska, party of the second part, the receipt whereof is hereby acknowledged, have bargained and sold, and by these presents do grant and convey, unto the said party of the second part, his heirs and assigns, etc., the following goods, chattels, and property, to-wit: The entire stock of goods, wares, and merchandise, consisting of dry goods, groceries, clothing, queensware, wooden and willow ware, boots and shoes, hats and caps, notions, glassware, tobacco and cigars, four glass show-cases, one office desk, one hard coal stove, refrigerator, ninety feet of non-explosive lamps, three sets of counter scales, four twine holders, one dry goods displayer, one broom displayer, one oil tank (100 gallon), and all other fixtures and appliances used in the business of said Pronger & Clarey, all contained in a certain brick building, and the cellar of the same, situated on lot 17, block 143, in the city of Crete, Saline county, Nebraska.

"The above described chattels are now in my possession, are owned by me, and free from incumbrances in all respects:

"To have and to hold the same forever; and I, the said party of the first part, will forever warrant and defend the same against all persons whomsoever; upon condition, however, that if the said Pronger & Clarey shall pay to the said Raymond Bros. & Co., his heirs, assigns, etc., his certain promissory note dated July 24, 1888, and described as follows, to-wit: One for twenty-nine hundred and forty-seven dollars, payable one day after date, with interest at the rate of ten per cent per annum from date, according to the tenor thereof, then these presents to be void, otherwise in full force and effect. And I, the said Pronger & Clarey, do hereby covenant and agree to and with the said Raymond Bros. & Co. that in case of default made in the pay-

ment of the above mentioned promissory note, or any part of it, or in case of my attempting to dispose of or remove from said county of Saline the aforesaid goods and chattels, or any part thereof, or if at any time the said mortgagee, or his assigns, should feel unsafe or insecure, then, and in that case, it shall be lawful for the said mortgagee, or his assigns, by himself or agent, to take immediate possession of said goods and chattels wherever found, the possession of these presents being his sufficient authority therefor, and to sell the same at public auction or private sale, or so much thereof as shall be sufficient to pay the amount due or to become due, as the case may be, with all reasonable costs pertaining to the taking, keeping, advertising, and selling of said property, together with the sum of $—— as liquidated damages for non-fulfillment of contract, the money remaining, after paying said sums, if any, to be paid on demand to the said party of the first part.

"We hereby waive the required notice of sale by advertising and agree to give possession of the above stock to said mortgagees at once.

" Witness my hand and seal, this 24th day of July, 1888.

" All alterations or changes above before execution.

" PRONGER & CLAREY.

"J. T. PRONGER.

" JAS. P. CLAREY.

" Witness:

"FRANK COLEMAN.

"L. H. DENNON."

The principal contention is that the plaintiffs in error sold the goods at private sale and for an inadequate price.

The testimony tends to show that the mortgagors had been in business for several years; that a part of the goods at least were somewhat shop worn and out of date.

The court, however, refused to give the following instruction: "You are instructed that the jury, in arriving at a conclusion as to the fair and reasonable value of the

goods covered by the mortgages in question, should con-
sider the circumstances under which they were sold; the
fact that they were forced on the market; whether there
was a demand for the goods; the character of the same,
whether shelf and time worn, whether in or out of style or
season; the time of year when sold; and if you find that
such sale was made in good faith, without intent to sacrifice
and slaughter the same, and the price realized was, under
all the circumstances attending the case, a fair and reason-
able one, then your verdict should be for the defendants."
This in our view should have been given, with the excep-
tion of the direction to find for the defendants, as the
right to so find must in any event be determined from the
evidence as to the value of the goods taken by the plaintiffs
in error.    The instruction therefore was too broad and the
court did not err in refusing to give the same.

The court also gave the following:

"Thirteenth—If you shall find that the plaintiffs were
*bona fide* mortgagees of this stock of goods subsequent and
inferior to the defendants, and the defendants were aware
of the claim of the plaintiffs, and you shall not find that
the plaintiffs herein agreed and consented to defendants'
selling the stock in question at private sale, and you further
find that the defendants did take possession of the personal
property in question and sold the same in any other man-
ner than that prescribed by the statutes read to you, then
they are required to account to these plaintiffs for the full
market value of that stock of goods at the time they so took
possession of said goods and sold or otherwise disposed of
the same.

"Fourteenth—The full market value of such stock of
goods and merchandise you can only ascertain by the testi-
mony of witnesses, of the value of whose testimony you
are the sole judges.

"Fifteenth—If you, from the evidence, find for the
plaintiffs, then from the evidence you should determine the

full market value of the stock of goods and merchandise of Pronger & Clarey, at Crete, at or about the 25th day of July, A. D. 1888, and from this amount you should deduct the amount of the defendants' mortgage, and the balance would be the amount the plaintiffs would be entitled to recover, together with seven per cent thereon from the 25th day of July, A. D. 1889, to the first day of this term of court, to-wit, October 14, 1889."

Under these instructions nothing could be allowed for expenses in making the sale. The testimony tends to show that in order to obtain a mortgage the plaintiff had assumed a large amount of the debts of Pronger & Clarey; and, so far as appears, all parties acted in good faith. Such being the case, we think a reasonable amount should have been allowed the plaintiffs for conducting the sale, and the jury should have been so instructed. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.