CHARLES CLIFFORD v. FRANK G. MINOR and Another.

April 19, 1899.

Nos. 11,438—(48).

Finding Sustained by Evidence.

Evidence considered, and *held* sufficient to justify the finding of the trial court.

Purchase Subject to Mortgage—Assumption of Debt—Fraud.

The mere fact that a person purchases land subject to a mortgage does not render him personally liable to the grantor. In order to create this liability, the grantee must, by an agreement on his part, promise to pay or assume the debt.

Appeal by plaintiff from an order of the district court for Ramsey county, Bunn, J., denying a.motion for a new trial. Affirmed.

*R. A. Walsh,* for appellant.

*Stevens, O'Brien, Cole & Albrecht,* for respondents.

BUCK, J.

On February 8, 1887, Hannah Cameron made two promissory notes payable to the order of John L. Merriam, each for the sum of $300, one due in one year, and one due in two years, drawing interest at the rate of 8 per cent. per annum, and secured the payment thereof by a mortgage upon lot 6, block 5, Second Addition Merriam Park to St. Paul, in Ramsey county. This mortgage was given for the purchase price of said lot and was duly recorded. On May 2, 1888, Merriam indorsed and delivered these notes to the plaintiff, Clifford, and also assigned to him the mortgage securing the same, and ever since plaintiff has been the owner of said notes and mortgage. On August 12, 1887, Cameron paid $12 on said notes; and on November 8, 1890, there was paid thereon $132.80 from proceeds arising upon a foreclosure sale of said mortgaged premises; and on December 1, 1896, Cameron paid $125 on account of said notes. No other payments have been made on said mortgage. On February 24, 1887, Cameron conveyed said premises to the defendant Minor, by deed, which contained a clause as follows:

"This deed is intended to be subject to the conditions of a certain mortgage for the sum of six hundred ($600) dollars dated February 8, 1887, and filed for record March 10, 1887, recorded in Book of Mortgages No. 160, page 16, which the said second party assumes and agrees to pay."

On February 27, 1887, Minor conveyed said lot to Richard W. Middleton, by deed which was duly recorded, and contained this clause, viz.:

"Subject to a certain mortgage given by Hannah Cameron to John L. Merriam and wife for the sum of $600, dated February 7, 1887, securing two notes of $300 each, due on or before one and two years from said date, with interest at the rate of eight per cent. per annum, payable annually, which the said second party hereby assumes and agrees to pay according to the tenor of the notes secured by said mortgage."

On April 27, 1887, Middleton conveyed said lot to the defendant Ryan, by deed which contained this clause, viz.:

"Subject to a certain mortgage given by Hannah Cameron to John L. Merriam and wife for the sum of $600, securing two promissory notes of $300 each, due on or before one and two years, with interest at the rate of 8 per cent. per annum, payable semiannually, which the second party assumes and agrees to pay according to the tenor of the notes secured by said mortgage."

As a matter of fact, Hannah Cameron did not at any time make to said John L. Merriam "and wife" any promissory notes, and the words "and wife" were inserted in said deeds by inadvertence and mistake of the scrivener who drew said deeds, and were surplusage.

In the spring of 1887, defendant Ryan had in her possesson $400 in money, and was advised by friends to invest it in real estate. She called upon Middleton, and stated her purpose, and he advised her to invest said money in real estate under such circumstances that she would be able to make a ready and favorable resale thereof at a profit. Thereupon he agreed to act for her as her agent, and procure for her such investment, she, however, then informing him that she only had said $400 to invest, and nothing was said or understood between her and Middleton in regard to her assuming any other liability than such as was involved in the payment of said $400; nor did she give to said Middleton, or to any one, any au-

thority to incur on her behalf any liability further than that involved in said cash payment, or to assume in her name, or for her, the payment of any mortgage, or to make or accept any deed containing a covenant or agreement to pay any mortgage; but said Middleton thereafter drew and executed the deed to defendant above referred to, and inserted said covenant or assumption above set out, and he then procured ,said deed to be recorded. He then informed the defendant Ryan that he had made a very favorable purchase of real estate for her, and that he expected that he would be able to resell the property for her within 20 days, at a good profit. Middleton did not inform Ryan that he was the vendor of said property, or that the deed contained any assumption clause or agreement, and she never learned said facts, or either of them, and never saw said deed, until after this action was commenced.

The trial court found as a fact that the agreement to assume and pay said mortgage was inserted in the deed from Middleton to defendant Ryan by said Middleton while he (Middleton) was acting at the same time as the owner and vendor of the property therein conveyed to said defendant Ryan, and that it was so inserted without any authority from said Ryan, and without her knowledge or consent, that she never agreed to assume or pay said mortgage or notes, and has never ratified the agreement of assumption contained in said deed. As a conclusion of law, the trial court found that Ryan never authorized Middleton or any one to insert in said deed any covenant or agreement in her behalf to pay any note or mortgage, and never ratified the covenant or agreement so inserted in said deed, and that said covenant or agreement was inserted in said deed through the fraud or mistake of said Middleton, and does not constitute any obligation against the defendant Ryan, and that she is entitled to judgment that plaintiff have no relief against her in this action.

It appears that the plaintiff, Clifford, foreclosed the Cameron mortgage, and, there being a deficiency after sale, obtained a judgment against Mrs. Cameron for the amount of such deficiency, and he now seeks, in this action, to recover of defendant Ryan such balance due on said notes and mortgage by virtue of the covenant of assumption contained in the deed from Middleton to her. Of

course, the mere fact that a person purchases land subject to a mortgage does not render him personally liable.  In order to create this liability, the grantee must, by an agreement on his part, promise to pay or assume the debt.  In this case the trial court found that Middleton was the agent of the defendant Ryan, and that, through fraud or mistake, he inserted the assumption clause in the deed from him to her.  We think that the case is one of deliberate fraud on the part of Middleton, and, under the well-established doctrine of courts of equity, the defendant Ryan is entitled to relief as against the acts of her agent, who had no authority to make such a contract with himself and bind her thereby.

Although the plaintiff, Clifford, was sworn and testified in this case, he did not testify that he purchased the notes and mortgage relying upon the assumption clause in the deed, nor that he parted with any consideration on the faith thereof.  We are of the opinion that plaintiff has no greater or better right to enforce this assumption contract than Middleton; that Middleton, by his fraudulent acts, attempted to impose upon Ryan an obligation not warranted by any agreement between them; and that such insertion of such assumption agreement in the deed was invalid.  See Kilmer v. Smith, 77 N. Y. 226.

Order affirmed.