# CHARLES H. MEYER AND ANOTHER v. FRED DROEGEMUELLER AND OTHERS.[1]

December 11, 1925.

No. 24,895.

**Liability of assignee of vendee's contract of purchase.**

    1. An assignment by the vendee of a contract for the purchase of real estate does not impose upon the assignee any personal liability for the unpaid purchase price unless he assumed and agreed to pay it.

**No assumption of payment by assignees.**

    2. The assignees did not assume or agree to pay the unpaid purchase price and are not liable to the vendor therefor.

    1. See Vendor and Purchaser, 39 Cyc. p. 1671.
    2. See Vendor and Purchaser, 39 Cyc. p. 1681.

---

    1, 2. See 27 R. C. L. p. 567.

Action in the district court for Martin county to recover an instalment of interest due under a contract. The case was tried before Dean, J., who directed judgment in favor of plaintiffs. Defendants appealed from an order denying their motion for a new trial. Reversed.

*McCune & McCune*, for appellants.

*John W. Lovell*, for respondents.

TAYLOR, C.

In June, 1919, the plaintiffs and defendant Droegemueller entered into a contract whereby plaintiffs sold and agreed to convey a farm located in Martin county to Droegemueller upon payment of the sum of $27,800, which sum Droegemueller agreed to pay therefor as follows: $1,000 at the making of the contract; $3,000 on March 1, 1920; and the remaining $23,800 in ten years with interest thereon payable annually at the rate of $5\frac{1}{2}$ per centum per annum.

[1] Reported in 206 N. W. 391.

He made the initial payment of $1,000 at the making of the contract. On March 2, 1920, he assigned the contract to Fred L. Bode and defendants Gorman and Brammeier. These assignees paid, or furnished the funds for paying, the instalment of $3,000, and took possession of the farm by their tenant. Fred. L. Bode died and his interest under the assignment passed to his widow, the defendant Alma Bode, who took his place as one of the assignees. They occupied the farm through their tenant during the years 1920, 1921, 1922 and 1923, and paid the interest which became due in those years on the unpaid part of the purchase price. They tried to induce the plaintiffs to take the farm back for the amount remaining unpaid which plaintiffs refused to do. They abandoned the farm prior to March 1, 1924, and refused to pay the interest which became due on that date. Plaintiffs brought this action to recover that instalment of interest. At the opening of the trial plaintiffs dismissed the action against defendant Droegemueller. In their brief they say they did so because he had become hopelessly insolvent. The term defendants, when used hereafter, will designate the assignees of the contract. It may be proper to note that a stipulation was made providing for the rental of the farm in 1924 and until the termination of the litigation without prejudice to either party.

The trial court found that, as a part of the consideration for the assignment of the contract, the defendants assumed and agreed to pay the unpaid part of the purchase price, and directed judgment for plaintiffs. The defendants appealed from an order denying a new trial.

Unless the written assignment obligated the assignees to pay the remainder of the purchase price, there is no evidence to sustain the above finding. An assignment by the vendee of a contract for the purchase of real estate creates a privity of estate between the assignee and the original vendor, but not a privity of contract. It does not relieve the original vendee from his contractual obligations to the vendor, nor impose upon the assignee any personal liability for the unpaid purchase price unless he assumed and agreed to pay it. That the original contract purports to bind the parties thereto and

their representatives and assigns does not change the rule; neither does the fact that the assignee has been, or is, in possession of the land. 27 R. C. L. 567; 39 Cyc. 1671, 1680, and cases there cited.

The instrument in question is a printed form for the assignment by a vendor of his interest in such a contract. Droegemueller used this form to assign his interest as vendee. It contains no clause imposing liability for the unpaid purchase price upon the defendants, but it contains the following:

"I hereby appoint the part— of the second part their attorney irrevocable to carry out the provisions of said contract for deed at their own costs as fully as I might or could do. And I covenant with the said party of the second part that there is due and owing on said contract the sum of $23,800."

What would be intended by such provisions in an assignment by the vendor is plain, but what is intended by them in an assignment by the vendee is not so obvious. Plaintiffs seek to spell out from them an obligation on the part of the defendants to pay the remainder of the purchase price. We are unable to do so. The defendants are not liable for the purchase price unless they contracted to pay it. These provisions cannot be construed as creating such a contract. They contain nothing equivalent to the usual assumption clause; no language to the effect that the defendants assumed liability for the purchase price or agreed to pay it. The language used cannot properly be construed as requiring the defendants to do anything. They are given the right to carry out the provisions of the contract at their own cost, but there is an entire absence of anything in the nature of an agreement on their part to perform the obligations which the original contract imposed upon Droegemueller.

As the defendants are not personally liable for the unpaid purchase price, the order is reversed.