REDHEAD, Appellant, vs. SKIDMORE LAND COMPANY and another, Respondents.

*October 12—November 8, 1927.*

*Mortgages: Sale of lands subject to existing mortgages: Purchaser not liable in absence of express assumption.*

1. Where there was no express agreement that the purchaser of lands assume existing mortgages, and after the description of the premises in the deed there was a recital that the purchaser took subject to certain mortgages, it is *held* that, although the purchaser had paid part of a matured mortgage, had paid the interest on all of the mortgages, and the amount he paid for the land was determined by taking a certain acreage value and deducting therefrom the amount of the incumbrances, there was no implied promise on the part of the purchaser, in law or in fact, personally to pay such mortgages. p. 125.

2. The court will adhere to a decision which has been made on a question establishing a rule affecting the transaction of business where a change of decision would affect the validity of transactions entered into in reliance upon it. p. 126.

APPEAL from a judgment of the circuit court for Marinette county: HENRY GRAASS, Judge. *Affirmed.*

Reformation. The plaintiff conveyed to the defendant by warranty deed, statutory form, "for the sum of one dollar and other valuable consideration," a certain tract of land situated in Marinette county. After a description of the premises appears the following: "subject to certain mortgages aggregating $10,700 to the Farmers Savings & Trust Company of Marinette, Marinette county, Wisconsin." The deed was dated April 20, 1920, and upon it were $17 in canceled revenue stamps. An action was brought to reform the deed by inserting therein the following clause immediately after the description of the mortgages: "which the said grantee assumes and agrees to pay."

The trial court found against the plaintiff's contention upon the facts, and judgment was entered accordingly dis-

missing the plaintiff's complaint, from which the plaintiff appeals.

For the appellant there was a brief by *Nelson & Grimmer* of Marinette, and oral argument by *L. M. Nelson.*

*P. A. Martineau* of Marinette, for the respondents.

ROSENBERRY, J.   The judgment of dismissal is attacked on the ground that the undisputed evidence shows that the amount of incumbrances was deducted from the consideration; that under such circumstances there is an implied promise on the part of the purchaser, in the absence of an express agreement to the contrary, to assume the payment of the incumbrances.   This contention presents a question of law.   Other facts which might have some bearing upon the question are that the defendant, after the execution and delivery of the deed, paid the interest upon the mortgages; that no claim was made upon the plaintiff by the mortgagees or by the defendant with respect to the payment of such interest; that the land was sold for the agreed purchase price of $11 per acre; that the amount which should be paid to the plaintiff was determined by taking the value of the lands at $11 per acre and deducting therefrom the amount of the mortgages which were not to mature until 1922.   It further appears that the defendant company paid off a part of the matured mortgage held by the Iowa State Bank.   It also appears that the deed as executed was drawn and prepared by the defendant company and forwarded to the plaintiff.

Plaintiff bases his contention upon the case of *Heid v. Vreeland,* 30 N. J. Eq. 591.   In that case it was held:

"There can be no doubt at this day that where the purchaser of land incumbered by a mortgage agrees to pay a particular sum as purchase money, and on the execution of the contract of purchase the amount of the mortgage is deducted from the consideration and the land conveyed subject to the mortgage, that the purchaser is bound to pay the

mortgage debt, whether he agreed to do so by express words or not. This obligation results necessarily from the very nature of the transaction. Having accepted the land subject to the mortgage, and kept back enough of the vendor's money to pay it, it is only common honesty that he should be required either to pay the mortgage or stand primarily liable for it." See, also, *Van Eman v. Mosing,* 36 Okla. 555, 129 Pac. 2, annotated in L. R. A. 1917 C, 590.

It is urged that the case of *Brazeau v. McBride,* 160 Wis. 204, 151 N. W. 253, supports this contention. In *Brazeau v. McBride* there was an express agreement to pay the indebtedness of the grantor to the amount of $3,500. The amount paid in discharging the mortgages was $3,050, and the court held that in view of the agreement and circumstances of that case the grantor had an action for money had and received against the grantee for $450, which is quite a different case than this, where there was no agreement on the part of the grantee to pay any sum whatever. See, also, 78 Am. Dec. 83.

Whatever the law may be in other jurisdictions it is considered that the law of Wisconsin is settled that, under circumstances such as are disclosed by the finding of the court and the undisputed evidence in this case, there is no implied promise in law or fact to pay the mortgages when title to land is taken subject to mortgages and there is no express agreement in that respect.

In *Tanguay v. Felthousen,* 45 Wis. 30, it was held that "one who takes a conveyance of land from the mortgagor, after the execution and recording of a valid mortgage, though he takes it subject to the mortgage, is not personally liable for the mortgage debt, without an express covenant or agreement to pay it."

In *Arnold v. Randall,* 121 Wis. 462, 98 N. W. 239, it was held that "an agreement by the purchaser of land to assume and pay a mortgage thereon given by the vendor must, in order to be valid, be express. It cannot arise from any mere

implication or legal imputation." See, also, *Cleveland v. Southard*, 25 Wis. 479; *Desmond v. McNamara*, 107 Wis. 126, 82 N. W. 701; *Belmont v. Coman*, 22 N. Y. 438; *Fiske v. Tolman*, 124 Mass. 254; *Elliott v. Sackett*, 108 U. S. 132, 140, 2 Sup. Ct. 375; *Granger v. Roll*, 6 S. Dak. 611, 62 N. W. 970.

Where a decision has been made upon a question establishing a rule affecting the transaction of business, and a change of decision would affect the validity of transactions entered into in reliance upon it, the decision will be adhered to. *Kneeland v. Milwaukee*, 15 Wis. 454; *Chase v. American C. Co.* 176 Wis. 235, 186 N. W. 598.

The law in Wisconsin is in accord with the decided weight of authority. As was said in an earlier case, the transaction between grantor and grantee amounts to a covenant that the land is the fund out of which the mortgage is to be paid. *Cleveland v. Southard, supra.*

*By the Court.*—Judgment affirmed.