# D. H. EVANS COMPANY v. JOHN F. NICHOLS AND OTHERS.[1]

No. 28,587.

October 30, 1931.

*L. A. Hubachek* and *A. X. Schall, Jr.* for appellant.

*H. W. Volk,* for respondent.

LORING, J.

This was a suit brought to recover a personal judgment and to establish such judgment as a lien upon certain real property in the city of St. Paul and to foreclose it by sale of the premises. The complaint also asked for such other relief as might be just. At the end of the plaintiff's case the court dismissed the action, and the plaintiff has appealed from an order denying its motion for a new trial.

The defendant John S. Nichols was the only one of the three defendants who was served or who appeared in the action. In 1923

[1]Reported in 238 N. W. 694.

and for some years thereafter he was a director in the plaintiff company. July 28, 1923, he was the owner of the property here involved, which was described as lot 18, Manuel's Addition to the city of St. Paul. On that day he contracted to sell the property to the defendants Schuman, who agreed to pay a total consideration of $2,850 therefor. One hundred dollars was paid down, $1,000 was to be paid by assuming and agreeing to pay a mortgage then existing upon the premises, and the balance of $1,750 was to be paid at $25 per month. A note for the $1,750 was executed at the same time that the contract for deed was made. October 7, 1924, Nichols assigned his interest in the contract for deed to the plaintiff and indorsed the note to it without recourse. On the same day he executed and delivered to the plaintiff a quitclaim deed to the premises. This deed was properly witnessed and acknowledged but was not recorded by the plaintiff, probably for the reason that it expected Nichols to renew the existing mortgage. In fact the plaintiff looked to Nichols to take charge of the property, collect the instalments, see that the taxes and insurance were paid, to renew this mortgage, and to deal with the vendee about all matters that might come up. The record is silent as to whether or not Nichols ever renewed the mortgage.

Prior to the assignment of the contract to the plaintiff, the Schumans had transferred their interest in it to Archie Roy, who took possession of the premises and made some payments. In 1928 he sold his interest in the premises to Jacob Sorteberg and wife. Sorteberg objected to an assignment of Roy's contract and wanted a new contract running to himself and wife. He and Roy went to Nichols, who made out a contract running from himself and wife to Sorteberg and wife by which Sorteberg agreed to pay to Nichols the balance due the plaintiff under the original contract, including the assumption of the mortgage upon the premises. The record does not show the payment by Sorteberg to Nichols of any definite amount of the contract price which has not been paid to plaintiff. Plaintiff in its brief admits payment by Nichols of $174 paid by Sorteberg.

Plaintiff now asks for a judgment against Nichols for the amount of the purchase price still unpaid, that the amount be declared a lien on the premises and foreclosed as such. The court evidently considered that plaintiff was entitled to some relief, but at the close of the testimony announced that unless plaintiff offered to restore defendant to the same position in which it found him it would not grant judgment. It then dismissed plaintiff's case. Just what equities the court had in mind the record does not disclose. Respondent's brief indicates that the court refused relief because plaintiff already had a quitclaim deed from Nichols.

Plaintiff claims the relief asked under the authority of Scott v. Reed, 33 Minn. 341, 23 N. W. 463; Smith v. Glover, 44 Minn. 260, 46 N. W. 406; and Sherwood v. O'Brien, 58 Minn. 76, 59 N. W. 957. This case is to be distinguished from such cases by the fact that Nichols, by plaintiff's actions, had been authorized to look after the property and to deal with the vendee in all matters in connection therewith. There is no evidence that Nichols, by contracting in his own name, entertained a conscious design to defraud plaintiff. Whatever relief the plaintiff is entitled to arises out of Nichols' act in making the contract for deed in his own name and the inferences to be drawn therefrom. After giving the deed to plaintiff, Nichols had no right to deal with the property as his own. He was then acting for the plaintiff and should have arranged a conveyance to Sorteberg in its name. But on the face of this record there is no showing that he has taken advantage as yet of his wrongful act. Nevertheless, on the showing made, his contract as record owner with an innocent purchaser was so far wrongful and faithless to his principal as to entitle that principal to relief that would place it in the same position as if Nichols had dealt faithfully in the name of his principal. Obviously such relief should be by a decree transferring Nichols' apparent rights as vendor in the Sorteberg contract to the plaintiff. Such is not the specific relief asked by the plaintiff, but it is within the scope of the general prayer and not excluded by the rule that failure to prove the fraud alleged bars further equitable relief. Nichols' act was of a character to

take the case out of that rule. Plaintiff has made a very inadequate record, but we are of the opinion that the showing made entitled it to a decree directing or constituting a transfer of Nichols' interest in the contract with Sorteberg. Already having a deed to the property, it has the power to protect itself against all but Sorteberg and his successors by recording that deed. On a proper showing it may be entitled to relief as to moneys, if any, collected from Sorteberg, but not on this record.

The order denying a new trial is reversed.

AFTER REARGUMENT.

On December 11, 1931, the following opinion was filed:

PER CURIAM.

We adhere to our former opinion in this case with the additional expression that upon a record like that before us the plaintiff is not entitled to a money judgment for fraud perpetrated on it.