# RAY H. PELSER AND ANOTHER v. JACOB GINGOLD AND ANOTHER.[1]

February 11, 1943.

No. 33,323.

[1]Reported in 8 N. W. (2d) 36.

*Walter L. Chapin* and *George G. Chapin,* for appellants.
*Arnold A. Karlins,* for respondents.

PETERSON, JUSTICE.

Appeal from an order sustaining defendants' demurrers to the complaint.

Albert and Vernetta Lindberg, husband and wife, were the owners of certain real estate on which there was a dwelling house. They placed a mortgage on the property, installed an oil burner, and put on roofing and siding shingles. The oil burner and the roofing and siding were payable in monthly installments. The Lindbergs conveyed the premises to plaintiffs, who agreed to assume and to pay the balance on the mortgage and the unpaid balances for the oil burner and the roofing and siding. Plaintiffs sold the property under executory contract of sale to George R. and Sally M. Herbst for $2,500. Apparently the vendees took possession under the contract. As part of the purchase price the vendees agreed to assume and to pay the unpaid balance on the mortgage amounting to $1,127.53, and the unpaid balances, payable in monthly installments, of $184.29 for the oil burner and $248.16 for the roofing and siding. The contract provided that the agreements to pay constituted covenants running with the land and binding the heirs, executors, administrators, and assigns of the parties.

Plaintiffs and the Herbsts mortgaged the property to the German Roman Catholic Aid Society for $1,500, the proceeds of which were used to pay and satisfy the prior mortgage and to provide plaintiffs with $345 with which to pay for certain improvements made by them.

Thereafter plaintiffs conveyed the property to defendants as joint tenants, *subject* to the $1,500 mortgage and to the rights of the Herbsts as vendees under the contract for deed. At the same time plaintiffs, as vendors, assigned the contract for deed to defendants. Defendants were fully informed concerning the liabilities of the Herbsts under the contract for deed and under the mortgage. Part of the consideration for the deed and for the assignment of the contract for deed were, so the complaint alleges, "the payments to be made by said Herbst and wife for the oil burner and for the roofing and siding above described, which were required by said contract, and for which plaintiffs were liable as part of the purchase price by which they acquired the said real property, and which liability for payment continued and still continues and which became a liability of the defendants herein by virtue of the assignment to them of the contract." Defendants did not expressly agree, either in writing or orally, to assume and to pay the unpaid balances, either as part of the consideration or otherwise.

After defendants acquired ownership of the property and the vendors' interest in the contract for deed, they "absolved" the Herbsts "as between them" from all obligations to make the payments for the oil burner and the roofing and siding required of them under the contract for deed. Prior to the execution and delivery of the deed and of the assignment of the contract to defendants by plaintiffs, the Herbsts had made two monthly payments on the balances for the oil burner and the roofing and siding. After the Herbsts were absolved by defendants from the obligation to make the payments, neither the Herbsts nor defendants made any further payments.

Thereafter the Herbsts "abandoned said land," and defendants, claiming to be the sole owners thereof, sold the same under contract for deed to John and Barbara Marx, husband and wife, who entered into possession of the same.

Plaintiffs allege that by reason of the foregoing facts defendants have "without right enriched themselves in the enhanced value of their interests in said land to the extent of the sums required to

be paid for said oil burner and shingling and siding" and have deprived plaintiffs of a like sum required to reimburse their grantors, the Lindbergs, for which plaintiffs are liable under the clause in their deed by which they assumed and agreed to pay the balances due for the same.

Plaintiffs in effect claim that defendants are liable for the unpaid balances for the oil burner and the roofing and siding, amounting to $399.31, upon the grounds: (1) Defendants became liable for payment thereof by taking both the deed and the assignment of plaintiffs' interest as vendors under the contract for deed; (2) by absolving the Herbsts from the obligation of making the payments defendants deprived plaintiffs of the right under the assumption clause in their deed to the Herbsts to have them make the payments; and (3) because the sums unpaid on these balances were part of the consideration for the deed and the assignment, defendants unjustly enriched themselves in that amount by nonpayment thereof. No point has been raised that, since plaintiffs have no present interest in the land and the contract because of the conveyance and assignment, they have no right to sue, in view, no doubt, of our decision in Gustafson v. Koehler, 177 Minn. 115, 224 N. W. 699, holding that a grantor may sue on a covenant to assume under the circumstances of this case, but that in the event of recovery he holds the proceeds thereof for the benefit of the owner of the debt assumed by the grantee.

In support of the proposition that defendants became personally liable for the unpaid balances for the oil burner and the roofing and siding, plaintiffs argue that, since under the provisions in their deed from the Lindbergs they agreed to assume and to pay such balances, they became personally liable; and, by the same token, since the Herbsts by the assumption clause in the contract for deed likewise became personally liable therefor, defendants also became personally liable for such payments, because they took "an assignment of the vendors' interest in the contract as well as a deed of the legal title of the land" from plaintiffs.

For lack of a provision in the deed and in the assignment of the contract that defendants agreed to assume and to pay the balances, they did not become personally liable to pay the same. A grantee is personally liable for payment of a mortgage on the land transferred only where he agrees *to assume* and *to pay* it, but not where he takes *subject* to it. Allen v. Hoopes, 189 Minn. 391, 249 N. W. 570; Clifford v. Minor, 76 Minn. 12, 78 N. W. 861; Manning v. Cullen, 50 Minn. 568, 52 N. W. 573; Merritt v. Byers, 46 Minn. 74, 48 N. W. 417; Brown v. Stillman, 43 Minn. 126, 45 N. W. 2; Redhead v. Skidmore Land Co. 194 Wis. 123, 215 N. W. 937; 4 Dunnell, Dig. & Supp. § 6289. The same rule applies where the grantee takes *subject* to debts of the grantor.

■ The personal liability of plaintiffs under the assumption clause in the deed from their grantors and that of the Herbsts under a similar provision in their contract for deed with plaintiffs were not transferred to defendants by the deed and by the assignment from plaintiffs. Absent, as here, an assumption of liability for the same, a grantee does not become *personally* liable for the obligations of his grantor to a third person, even where the same is a lien or a charge upon the land conveyed, unless the obligation arises under a covenant running with the land. Here, the balances were merely personal debts, which were not a lien or charge upon the land. A covenant is said to run with the land when it touches or concerns the land granted or demised. Generally speaking, a covenant touches or concerns the land if it is such as to benefit the grantor or the lessor, or the grantee or lessee, as the case may be. As the term implies, the covenant must concern the occupation or enjoyment of the land granted or demised and the liability to perform it, and the right to take advantage of it must pass to the assignee. Conversely, if the covenant does not touch or concern the occupation or enjoyment of the land, it is the collateral and personal obligation of the grantor or lessor and does not run with the land. Examples of covenants running with the land, which directly relate to its use or enjoyment, are found in cases involving covenants to maintain water in a lake at a certain

stage, Shaber v. St. Paul Water Co. 30 Minn. 179, 14 N. W. 874, and covenants relating to party walls, National L. Ins. Co. v. Lee, 75 Minn. 157, 77 N. W. 794. An example of a collateral or personal covenant, which relates not to the use or enjoyment of the land itself, but creates a liability on the part of the grantor, is found in Kettle River R. Co. v. Eastern Ry. Co. 41 Minn. 461, 43 N. W. 469, 6 L. R. A. 111, where the grantee covenanted for the exclusive transportation by a particular railway of the products of a stone quarry on the land granted.

A covenant by a grantee of land to pay a certain sum to a stranger does not run with the land. Clement v. Willett, 105 Minn. 267, 117 N. W. 491, 17 L.R.A. (N.S.) 1094, 127 A. S. R. 562, 15 Ann. Cas. 1053, and annotations; Dolph v. White, 12 N. Y. 296; Wells v. Benton, 108 Ind. 585, 8 N. E. 444, 9 N. E. 601; Spencer's Case, 3 Coke, 16a, 77 Eng. Reprint, 72. The authorities follow the rule as formulated in Spencer's Case, decided in 1583, which we adopted in our cases cited *supra.* There the court said:

"But although the covenant be for him and his assigns, yet if the thing to be done be merely collateral to the land, and doth not touch or concern the thing demised in any sort, there the assignee shall not be charged. As if the lessee covenants for him and his assigns * * * to pay any collateral sum to the lessor, or to a stranger, it shall not bind the assignee, because it is merely collateral, and in no manner touches or concerns the thing that was demised, or that is assigned over; and therefore in such case the assignee of the thing demised cannot be charged with it, no more than any other stranger."

Observing the distinction made in Spencer's Case, we held in Clement v. Willett that a covenant by a grantee to assume and to pay a mortgage did not run with the land. We said that such a covenant (105 Minn. 270, 117 N. W. 492) "is the personal agreement of the grantee to pay money due to a third person * * *. The contract does not relate to or in any manner concern the land conveyed, or its use and enjoyment. The covenant against incum-

brances relates to the title and inheres in and passes with the land; but an agreement to assume and pay to a third party a mortgage which constitutes an incumbrance is of a different character. It is not an integral part of the deed, but is a collateral personal contract, which does not run with the land."

The covenant of plaintiffs in the deed from their grantors to pay the balances was a collateral personal contract to pay the indebtedness of the Lindbergs. It did not run with the land and did not impose any liability on defendants as the grantees of plaintiffs.

While a grantee of land is an assign of his grantor, his status is different from that of the assignee of an ordinary chose action, for the reason that a grant purports to transfer not contractual rights or duties, but an estate in land made up of various rights and duties. Grismore, "Is the Assignee of a Contract Liable for the Non-Performance of Delegated Duties?" 18 Mich. L. Rev. 284. This distinction was observed in Meyer v. Droegemueller, 165 Minn. 245, 206 N. W. 391, involving an assignment by a vendee of his interest under a contract for deed. As between them, the parties may contract as they please; but absent, as here, any covenant for a personal liability for debts of the grantor to third persons, the grantee takes the estate granted without any personal liability for the debts of his grantor and predecessors in title.

■ Defendants are not liable for the balances as assignees of plaintiffs' interest as vendors under the contract for deed with the Herbsts. By the terms of the contract plaintiffs did not assume any liability to pay the balances; but the Herbsts did. Instead of imposing liability on plaintiffs to pay the balances, the contract imposed that liability on the Herbsts, as vendees. An assignment of the contract transfers to the assignee all the assignor's rights thereunder. Here, there was both a deed and an assignment of a contract for deed, the legal effect of which was to transfer to defendants, as grantees and assignees, not only the legal title, held by the grantors subject to the rights of the vendees under the contract for deed, but also all the plaintiffs' rights, as vendors under the contract, including their right to the purchase money, an equi-

table lien on the land therefor, and the personal obligation of the Herbsts to pay the balances. By the transfers, plaintiffs, as assignors, ceased to have any further rights in the land or under the contract. D. H. Evans Co. v. Nichols, 184 Minn. 363, 238 N. W. 694; Lamm v. Armstrong, 95 Minn. 434, 104 N. W. 304, 111 A. S. R. 479, 5 Ann. Cas. 418; Semmler v. Beulah C. M. Co. 48 N. D. 1011, 188 N. W. 310.

An assignment of an executory contract does not create a personal liability on the part of the assignee to perform the provisions of the contract to be performed by the assignor unless there is a provision to that effect. Pioneer L. & L. Co. v. Cowden, 128 Minn. 307, 150 N. W. 903. As we there held, an assignee may not enforce the contract against the other contracting party without rendering the performance to which the contract entitles such party. But here we are not concerned with performance to the other contracting party, since defendants, as assignees, are not attempting to enforce the contract against the other contracting parties, the Herbsts, and since, in addition, the Herbsts as such parties not only are not demanding any performance, but, because of their abandonment of the contract, are without any rights under the contract. The fact that the contract for deed provided that its provisions should bind the assigns of the parties makes no difference. Meyer v. Droegemueller, 165 Minn. 245, 206 N. W. 391. Consequently, the assignment of the contract imposed no liability on defendants as assignees.

■ The fact that the agreement of the Herbsts to assume and to pay the balances, for which plaintiffs also were liable, was part of the consideration for the deed and for the assignment of the contract for deed did not create any liability on the part of defendants to pay the same. The balances, as has been pointed out, were not a lien or a charge upon the property. The Lindbergs, as debtors, had no rights *in rem* against the property for payment thereof. Their rights were strictly *in personam* against plaintiffs and the Herbsts. The rules relating to transfers by mortgagors

of land subject to a mortgage, where the mortgage debt is part of the consideration for the transfer, apply here.

Where a mortgage constitutes part of the consideration, a conveyance of the land by the mortgagor does not impose personal liability on the purchaser. We have so held where the mortgage was in fact a part of the consideration, but where the fact was not stated in the instrument of conveyance. Merritt v. Byers, 46 Minn. 74, 48 N. W. 417; Gerdine v. Menage, 41 Minn. 417, 43 N. W. 91; Baker v. N. W. Guaranty Loan Co. 36 Minn. 185, 30 N. W. 464. In the Merritt case, we said (46 Minn. 77, 48 N. W. 418):

"While by accepting such a conveyance she [the grantee of the mortgagor] did not assume a personal obligation to pay the mortgage debt, yet she took the estate effectually charged in her hands with the payment of it, and, at least as between herself and her grantor, the land was held as the primary fund for such payment. Presumably the amount of the specified incumbrance was deducted from the estimated value of the land, and only the remainder was paid as the consideration for the deed."

In the Gerdine case, where the mortgagor's deed to his grantee excepted a mortgage from the covenant of warranty, but did not in terms state that the conveyance was *subject* to the mortgage, we said (41 Minn. 420, 43 N. W. 92):

"The purchaser acquired the equity of redemption * * * and it will be presumed, in the absence of any evidence to the contrary, that this was what he intended to buy, and that the consideration was adjusted accordingly."

Where a deed conveying land expressly states that a mortgage against the land is part of the consideration for the transfer, the mere recital of such fact in the deed imposes no personal liability on the purchaser to pay the mortgage. Hubbard v. Ensign, 46 Conn. 576; Shult v. Doyle, 200 Iowa 1, 201 N. W. 787; Fiske v. Tolman, 124 Mass. 254, 26 Am. R. 659; Green v. Hall, 45 Neb. 89, 63 N. W. 119; Equitable L. Assur. Society v. Bostwick, 100 N. Y. 628, 3 N. E. 296; Belmont v. Coman, 22 N. Y. 438, 78 Am. D. 213;

5 Tiffany, Real Property (3 ed.) p. 378, § 1439. The leading cases are Fiske v. Tolman and Belmont v. Coman. In Fiske v. Tolman, after stating the consideration, the deed provided that it was subject, however, to a certain mortgage (124 Mass. 254) "which is part of the above-named consideration." After pointing out that a grantee is personally liable where he agrees to assume and to pay a mortgage on the land transferred, but not where he takes subject to it, the court said (124 Mass. 257):

"A promise to pay the mortgage debt cannot be inferred from the acceptance of the deed, on the ground that the clause contains this reference to the consideration. Taken by themselves, the words do not necessarily imply any obligation to be performed by the grantee. They are to be considered rather as additional words of recital or description, showing that the whole amount of the consideration was not paid or intended to be paid, but that the grantee had purchased only an equity of redemption."

In Gerdine v. Menage, 41 Minn. 417, at p. 420, 43 N. W. 91, 92, we cited with approval Belmont v. Coman, 22 N. Y. 438, 78 Am. D. 213, where the decision was the same as in Fiske v. Tolman and where the court held that recitals in a deed transferring land subject thereto, to the effect that four certain mortgages amounting to $8,500 had (22 N. Y. 438) "been estimated as part of the consideration money of this conveyance," and had "been deducted therefrom," did not create any personal liability on the part of the grantee to pay the mortgages nor import anything "additional or different." "On the contrary," the court said (22 N. Y. 441) "they appear to be used for greater caution. They declare that the amount of the mortgages has been deducted from the consideration which had been previously set forth. The apparent meaning of this is, that so much of the purchase money as the mortgages amount to, being deducted, is not to be paid, except as it is charged upon the premises."

Tiffany points out that estimating the value of the grantor's equity by deducting the amount of the mortgage from the value of the property is almost (§ 1439, *supra*) "invariably done," and

"does not involve any undertaking or assumption by the purchaser as to the mortgage debt."

Absent assumption of the balances by defendants, they are not liable to pay them simply because of the fact that they were part of the consideration for their deed and assignment.

There are some cases which hold that, where land is sold for an agreed price and the grantee retains a part of the purchase price for the purpose of paying encumbrances or liens, the grantee is personally liable for the payment of the encumbrances or liens to the extent of the amount retained. In Gustafson v. Koehler, 177 Minn. 115, 224 N. W. 699, we referred to the rule and some cases supporting it, *viz.*, Siegel v. Borland, 191 Ill. 107, 60 N. E. 863, and Heid v. Vreeland, 30 N. J. Eq. 591. In such cases, "a duty in the nature of a trust is created and the failure of the grantee to pay the liens or incumbrances is, in substance, a failure to pay a part of the consideration." Lexington Bank v. Salling, 66 Neb. 180, 183, 92 N. W. 318, 319. Here, there was no retention by the defendants of part of the purchase price, and the cases cited do not apply.

The fact that the balances were part of the consideration for the deed and for the assignment did not impose any personal liability on defendants to pay the same.

■ Nor are defendants liable *in quasi contract* as for unjust enrichment. Defendants by releasing the Herbsts of their obligation to pay the balances deprived plaintiffs of no rights. Plaintiffs already had transferred to defendants the obligation of the Herbsts to pay the balances. Defendants were entitled to do as they pleased with respect to that right. They had the right to extinguish it. Merritt v. Byers, 46 Minn. 74, at p. 77, 48 N. W. 417. The exercise of a legal right cannot subject a party to liability for unjust enrichment to a party who has not been wronged thereby. Mehl v. Norton, 201 Minn. 203, 275 N. W. 843, 113 A. L. R. 1055; Ylijarvi v. Brockphaler, 213 Minn. 385, 7 N. W. (2d) 314.

Our conclusion is that the order should be affirmed.

Affirmed.