JOSIE KLOSTERMANN v. FARMERS & MERCHANTS STATE BANK OF HECTOR.[1]

February 21, 1929.

No. 27,139.

*Daly & Barnard,* for appellant.
*Boyesen, Otis, Brill & Faricy* and *George F. Gage,* for respondent.

[1]Reported in 223 N. W. 780.

TAYLOR, C.

Action to determine adverse claims to a quarter section of land in Renville county. Defendant asserted a lien under a certificate of sale for taxes. Findings were made and judgment directed for plaintiff. Defendant appealed from an order denying a new trial.

Plaintiff was the owner of the land, and in 1916 contracted in writing to sell it to Fred M. and Emma Fluck for the sum of $9,675, of which $250 was then paid. The contract gave the vendees the right to possession, and they took possession at once. By the terms of the contract they were to pay the interest and an instalment of $50 of the principal each year, and were to make the final payment in 1926. They were also to pay all taxes before they became delinquent and keep the buildings insured. In 1921 the vendees assigned the contract to defendant as security for an indebtedness to defendant. At the tax sale in 1925 for the taxes of 1923, defendant bid in the land for the amount of such taxes and received the usual certificate therefor. In 1926 defendant paid the taxes for 1924. By notice served on January 25, 1927, plaintiff duly terminated and canceled the contract for failure to make the stipulated payments of principal and interest. The foregoing facts were admitted at the trial.

The sole question presented is whether defendant is entitled to a lien on the land under its tax sale certificate as against plaintiff.

The assignment of the contract to defendant created a privity of estate between defendant and plaintiff but not a privity of contract, and did not make defendant personally liable to plaintiff for the payments to be made under the contract. Meyer v. Droegemueller, 165 Minn. 245, 206 N. W. 391. Whether defendant, while holding the contract under an assignment from the vendees, could acquire a lien as against plaintiff for taxes which it was the duty of the vendees to pay is doubtful, 39 Cyc. 1619; but it is not necessary to determine that question in this case.

Failure to pay the taxes or any of the instalments of principal or interest was ground for canceling the contract and terminating all rights thereunder. The court found in substance that, for the pur-

pose of preventing a cancelation of the contract and of preserving its interest in the property, defendant made payments under the contract, "and represented to plaintiff that it would and had paid the said taxes specified in defendant's answer;" and that plaintiff, believing and relying thereon, refrained from canceling the contract for a period of more than two years. This finding is justified by the evidence and is sufficient to sustain the conclusion that defendant cannot assert a lien for these taxes as against plaintiff. While perhaps not directly in point, Bradford v. Union Bank, 13 How. 57, 14 L. ed. 49; and the cases cited in 39 Cyc. 1619, support this conclusion.

Order affirmed.